**No. 23-16102**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

JUSTIN DOWNING,

*Plaintiff-Appellant,*

v.

LOWE'S HOME CENTERS, LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 3:22-cv-08159-SPL
Hon. Steven P. Logan

_____

**APPELLANT'S OPENING BRIEF**

_____

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
(720) 213-0676

*Attorneys for Appellant Justin Downing*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................iv

INTRODUCTION.............................................................................1

JURISDICTIONAL STATEMENT ........................................................3

STATUTORY AUTHORITIES.............................................................4

ISSUES PRESENTED .......................................................................7

STATEMENT OF THE CASE .............................................................8

SUMMARY OF THE ARGUMENT.....................................................10

STANDARD OF REVIEW ................................................................13

ARGUMENT .................................................................................13

    I.    LOWE'S DISCLOSURE VIOLATES THE FCRA'S
        REQUIREMENT THAT THE DISCLOSURE BE CLEAR AND
        CONSPICUOUS IN A DOCUMENT THAT CONSISTS SOLELY
        OF THE DISCLOSURE..................................................13

        A.    The Lowe's Disclosure Contained Ambiguous And Confusing
            References To The Applicant's "Child/Ward"—Rendering The
            Disclosure Unclear. ...............................................14

        B.    The District Court Also Erred By Concluding As A Matter Of
            Law That Lowe's Disclosure—Which Includes References To
            Children/Wards And Extraneous Disclosures
            —Stands Alone......................................................20

            1.    The plain language of the FCRA and Ninth Circuit
                precedent require consumer report disclosures to be made
                in a document that consists solely of the disclosure ......20

            2.    Lowe's Disclosure fails to stand alone—it contains
                extraneous language purporting to allow Lowe's to

obtain information regarding the applicant's children or wards and referenced extraneous, future disclosures .....23

    C.    Plaintiff Sufficiently Alleges That Lowe's Violations Of The FCRA Were Willful ...............................................................28

CONCLUSION .......................................................................................30

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gilberg v. Cal. Check Cashing Stores, LLC,*
  913 F.3d 1169 (9th Cir. 2019) ...................................15, 21, 23, 26, 29

*Guimond v. Trans Union Credit Info. Co.,*
  45 F.3d 1329 (9th Cir. 1995) ...........................................................16

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
  519 F.3d 1025 (9th Cir. 2008) ........................................................13

*Moore v. Rite Aid Hdqtrs Corp.*, No. CIV. A. 13-1515,
  2015 WL 3444227 (E.D. Pa. May 29, 2015).....................................29

*Rubio v. Capital One Bank,*
  613 F.3d 1195 (9th Cir. 2010) ...............................................15–16, 18

*Safeco Ins. Co. of Am. v. Burr,*
  551 U.S. 47 (2007)............................................................................28

*Syed v. M-I, LLC,*
  853 F.3d 492 (9th Cir. 2017) ..................................20–21, 26, 28–29

*Walker v. Fred Meyer, Inc.,*
  953 F.3d 1082 (9th Cir. 2020) ...............................................22–23, 26

*Warr v. Cent. Garden & Pet Co.,* No. 20-cv-09405-JST,
  2021 WL 6275013 (N.D. Cal. Sept. 21, 2021) .................................27

**Statutes**

15 U.S.C. § 1681b.............................................................1–2, 6–7, 17, 20, 24

15 U.S.C. § 1681s-3 .................................................................................25

28 U.S.C. § 1291 ........................................................................................4

28 U.S.C. § 1331 ........................................................................................3

28 U.S.C. § 1332 ........................................................................................3

iv

**Rules**

Fed. R. App. P. 3(a)(1) ...................................................................4

Fed. R. App. P. 4(a)(1)(A) ............................................................4

Fed. R. Civ. P. 12(b)(6) ...............................................................13

Fed. R. Civ. P. 54(b) .....................................................................4

## INTRODUCTION

Plaintiff-Appellant Justin Downing ("Appellant" or "Downing") respectfully appeals the district court's dismissal of his claims against Defendant-Appellee Lowe's Home Centers, LLC ("Appellee" or "Lowe's") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2), *et seq.* ("FCRA" or "Act").

Downing applied for a job with Lowe's. Throughout the hiring process, he was asked to sign a variety of forms, including a consumer report disclosure (the "Disclosure" or "Lowe's Disclosure"). Shortly after completing and submitting the forms, Downing was informed by Lowe's that he was being denied a job based on the contents of an inaccurate consumer report compiled by Defendant First Advantage Background Services Corporation ("First Advantage").

Downing thereafter filed suit against Lowe's alleging, on behalf of himself and all others similarly situated, that Lowe's violated § 1681b(b)(2)(A) of the FCRA. Downing alleged that Lowe's had violated the Act in two distinct ways: (1) by failing to provide a "clear and conspicuous" disclosure that a consumer report would be procured for employment purposes, and (2) by failing to provide a consumer report disclosure that "stands alone" as required by 15 U.S.C. §

1681b(b)(2)(A).[1]

The district court erred in dismissing Downing's claims against Lowe's in at least two respects. First, the district court erred in finding that the Disclosure was "clear and conspicuous." As seen from the Disclosure, it contains ambiguous and confusing language purporting to authorize Lowe's to obtain consumer reports regarding not only applicants, but their "child/ward" as well. The district court brushed off such ambiguity, reasoning that it is of "no matter to the FCRA disclosure requirement" whose information is being obtained. (ER-22.) But this conclusion is contrary to the plain language of the FCRA, which specifically limits the information that may be included in an employment-related consumer report to the applicant. Further, the decision ignores that the "child/ward" language as presented is ambiguous—it could be intended to be used with respect to minor applicants (as Lowe's has alluded), or it could be intended to permit Lowe's to obtain reports regarding applicants and their children/ward (as the district court found). The presence of the ambiguity itself renders the Disclosure unclear.

---

[1] Downing also asserted claims against the background check vendor, First Advantage, for its failure to implement adequate procedures designed to ensure the accuracy of the information contained in his consumer report. The claims against First Advantage remain pending in the district court, while the claims against Lowe's were dismissed and judgment was certified for appeal pursuant to Rule 54(b).

Second, the district court erred by finding that the Lowe's Disclosure met the FCRA's requirement that it be contained within a document that consists *solely* of the disclosure. Given the "child/ward" language, the Disclosure is a "combined disclosure" as opposed to one that stands alone. Likewise, the Disclosure's inclusion of the statement that Lowe's would only obtain "credit" information if it provided "separate" disclosures in the future should also have negated a finding that the Disclosure stands alone. The district court, however, found that the Disclosure merely referenced extraneous documents related to the applicants' FCRA rights. Such a conclusion is at odds with this Court's decisions in *Syed*, *Gilberg,* and *Walker*—all of which foreclose reading implied exceptions into the Act's "standalone" mandate (even if they further the purpose of the FCRA).

In light of these errors, the district court's order granting Lowe's motion to dismiss with prejudice should be reversed, and the case should be remanded so that Downing and the alleged class can have their day in Court.

## JURISDICTIONAL STATEMENT

The United States District Court for the District of Arizona had subject matter jurisdiction under 28 U.S.C. § 1331 because this action arose under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which is a federal statute. The court also had jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the alleged classes consist of over 100 people,

3

at least one member of each class is a citizen of a different State than the Defendants, and the amount in controversy exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the district court issued partial judgment pursuant to Fed. R. Civ. P. 54(b). *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1160 (9th Cir. 2023) (citing *SEC v. Cap. Consultants LLC*, 453 F.3d 1166, 1174 (9th Cir. 2006)). On June 20, 2023, the district court granted Defendant-Appellee's motion to dismiss with prejudice. (ER-10.) On July 31, 2023, the court granted Appellant's motion for certification of judgment pursuant to Federal Rule of Civil Procedure 54(b), (ER-5), and entered judgment in favor of Lowe's that same day (which was amended on August 2, 2023). (ER-4, ER-3.) Downing timely filed a notice of appeal on August 14, 2023. (ER-61.) The appeal is timely pursuant to Fed. R. App. P. 3(a)(1) and 4(a)(1)(A) because it was filed within thirty (30) days of the district court's entry of judgment.

## STATUTORY AUTHORITIES

### Fair Credit Reporting Act

**15 U.S.C. § 1681a(d)(1)**

(d) Consumer report

(1) In general

The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting

4

agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title.

(2) Exclusions

Except as provided in paragraph (3), the term "consumer report" does not include--

(A) subject to section 1681s-3 of this title, any--

(i) report containing information solely as to transactions or experiences between the consumer and the person making the report;

(ii) communication of that information among persons related by common ownership or affiliated by corporate control; or

(iii) communication of other information among persons related by common ownership or affiliated by corporate control, if it is clearly and conspicuously disclosed to the consumer that the information may be communicated among such persons and the consumer is given the opportunity, before the time that the information is initially communicated, to direct that such information not be communicated among such persons;

5

(B) any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a credit card or similar device;

(C) any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to such request, if the third party advises the consumer of the name and address of the person to whom the request was made, and such person makes the disclosures to the consumer required under section 1681m of this title; or

(D) a communication described in subsection (o) or (x).

(3) Restriction on sharing of medical information

Except for information or any communication of information disclosed as provided in section 1681b(g)(3) of this title, the exclusions in paragraph (2) shall not apply with respect to information disclosed to any person related by common ownership or affiliated by corporate control, if the information is--

(A) medical information;

(B) an individualized list or description based on the payment transactions of the consumer for medical products or services; or

(C) an aggregate list of identified consumers based on payment transactions for medical products or services.

## 15 U.S.C. § 1681b(b)(2)

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

## ISSUES PRESENTED

1.      Whether Downing stated a claim against Lowe's for violation of the FCRA's requirement that job applicants be provided with a "clear and conspicuous" disclosure that a consumer report will be obtained for employment purposes where Lowe's Disclosure included ambiguous and confusing language regarding the applicant's "children/wards" and potential future consumer reports.

2.      Whether Downing stated a claim for violation of the FCRA's "stand-alone" disclosure requirement where Lowe's used a Disclosure that included information about "children/wards" and references to undefined future disclosures.

## STATEMENT OF THE CASE

In or around February 2022, Plaintiff-Appellant Downing applied for a job at one of Defendant-Appellee Lowe's home improvement stores located in Show Low, Arizona. (ER-33.) As part of his employment application, Downing was required to review and complete a variety of employment forms. (*Id.*)

Among these forms was a Disclosure regarding the procurement of Downing's background report. (*Id.*; ER-57–58.) The background check Disclosure stated as follows:

> Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC, ("Lowe's") may obtain a "background report" about you or your child/ward for employment purposes from a third-party consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results.

> Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

(ER-33–34; ER-57–58.) Following this disclosure, Lowe's procured a background check on Downing. (ER-35.) The report, which was compiled by First Advantage, included inaccuracies regarding his prior criminal convictions. (ER-35–36.)

8

Notwithstanding the inaccurate report, Lowe's decided to terminate Plaintiff's employment as a result of the information contained in the First Advantage report. (ER-36–37.)

Plaintiff filed his lawsuit against Lowe's on September 8, 2022, in the United States District Court, District of Arizona, alleging that Lowe's willfully violated the Fair Credit Reporting Act by providing an unclear disclosure form that failed to standalone. (ER-68.) Downing sought relief on his own behalf, as well as on behalf of alleged classes of individuals who have been harmed by the same unlawful Disclosure. (ER-37–40.)

On November 10, 2022, Lowe's filed a Rule 12(b)(6) motion to dismiss Downing's. (ER-69.) After Downing's response and Lowe's reply, on June 20, 2023, the district court issued an Order dismissing Downing's claims against Lowe's with prejudice. (ER-10.)

The district court's Order dismissing the claims against Lowe's found that the Disclosure met the FCRA's clear and conspicuous requirement. (ER-20–23.) In doing so, the district court erroneously concluded that the "child/ward" language did not violate the Act because "[w]hether the report concerns 'the applicant, their children/wards, or both' is of no matter to the FCRA disclosure requirement." (ER-22.) Rather, the court held that the FCRA requires only "a clear and conspicuous disclosure . . . that a consumer report may be obtained for employment purposes."

9

(*Id.*) The district court also concluded that the Disclosure's reference to future disclosures and reports was "clear" because it provides the categories of information that "would *not* be requested by Lowe's unless the applicant signed a separate authorization." (ER-23) (Emphasis in original).

The district court also found that the Disclosure satisfied the FCRA's standalone disclosure requirement. (ER-15–20.) The district court downplayed the Disclosure's repeated use of the "child/ward" language, finding that such wording disclosed "whose information might be obtained as part of the background report"—which the court found to constitute a description of what the report entails. (ER-20.) With respect to the second paragraph's reference to future disclosures and authorizations, the district court found that the language was permissible because it "does not divert the applicant's attention away from his or her rights under the FCRA." (ER-19.) In doing so, the district court tried to distinguish Lowe's Disclosure with the disclosures in *Gilberg* and *Walker*—inaccurately describing the forms in those cases in the process. (ER-18–19.)

Because the district court erred in granting Lowe's motion to dismiss, Downing timely filed his notice of appeal from the judgment and respectfully asks this Court to reverse and remand.

## SUMMARY OF THE ARGUMENT

I.     The district court erred in dismissing Downing's FCRA disclosure

claims. The FCRA requires that prior to procuring a consumer report for employment purposes employers must provide a disclosure that is both "clear and conspicuous" and that consists *solely* of the disclosure. Lowe's Disclosure flunks both requirements.

First, the Lowe's Disclosure was not "clear". The Disclosure contained ambiguous and confusing language regarding Lowe's ability to procure a consumer report regarding the applicant, their "child/ward," or both. The district court found that such language is not unclear because it merely explains whose information may be procured. But that overlooks the plain language of the Act, which requires that the Disclosure pertain to consumer reports regarding the applicant. Further, such reasoning also ignores the ambiguity of the "child/ward" language, which could reasonably be interpreted in different ways. On one hand, the language could be read such that it is intended to be used with respect to minors who are applying for work at Lowe's. At the same time, it is also reasonable to read such language as authorizing Lowe's to obtain consumer reports not only regarding the applicant, but the applicant's children or other dependents as well.

The second paragraph also creates confusion as to what sort of report may be obtained because it appears to contradict the first paragraph's statement that the consumer report will bear on the applicant's worthiness, credit standing, and credit

11

capacity. Together, the language of the Disclosure is both ambiguous and confusing, and therefore runs afoul of the FCRA's mandate that the disclosure be clear and conspicuous.

Second, the district court also erred by finding that the Lowe's Disclosure met the FCRA's standalone disclosure requirement. The same language that renders the Disclosure unclear also violates the Act's standalone disclosure requirement. Indeed, the Disclosure is not a singular disclosure purporting to authorize Lowe's to obtain a report regarding the applicant—it is a combined, confusing disclosure purporting to authorize Lowe's to obtain consumer reports regarding the applicant and their child/ward.

Moreover, the Disclosure's second paragraph references extraneous, *future* disclosures and authorizations that may be provided relating to credit information—which are not pertinent to the instant consumer report disclosure. The district court found the second paragraph complied with the Act by reading into the FCRA an exception for extraneous information that pertains to the applicant's FCRA related rights. Such a conclusion runs counter to this Court's prior decisions in *Syed*, *Gilberg*, and *Walker*, which foreclose implied exceptions.

Lowe's Disclosure thus violates FCRA's mandate that employment-related consumer report disclosures be clear and conspicuous and provided in a document that consist solely of the disclosure.

12

Finally, Downing also alleged that Lowe's violations of the FCRA were willful. Indeed, the Ninth Circuit had issued *Syed*, *Gilberg*, and *Walker* all prior to the allegations that gave rise to the claims. Further, Lowe's has been involved in prior lawsuits challenging the sufficiency of its FCRA disclosure. Lowe's was on notice of its obligations under the law, and it took steps that were objectively unreasonable and in reckless disregard of those obligations.

As such, and as explained more fully below, the Court should reverse the dismissal of Downing's Complaint and allow this case to proceed.

## STANDARD OF REVIEW

A district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (citing *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)). The reviewing court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek*, 519 F.3d at 1031.

## ARGUMENT

**I.  LOWE'S DISCLOSURE VIOLATES THE FCRA'S REQUIREMENT THAT THE DISCLOSURE BE CLEAR AND CONSPICUOUS IN A DOCUMENT THAT CONSISTS SOLELY OF THE DISCLOSURE.**

The district court committed reversible error when its granted Lowe's Motion to Dismiss. First, the district court erred by finding that the Disclosure met

13

the FCRA's "clear and conspicuous" requirement. Second, the district court's decision conflicts with the Act's mandate that the disclosure be contained in a document that consists *solely* of the disclosure. The Disclosure that Lowe's provided to Plaintiff was not clear and conspicuous, and it did not consist solely of the disclosure—rather, the document contains ambiguous and confusing language related to background checks of the applicant's "child/ward" as well as extraneous references to separate future consumer reports and disclosures.

As a result, the Disclosure provided to Downing and other members of the alleged Class was not clear, and it did not stand alone. The district court's Order dismissing the case was therefore made in error and should be reversed.

## A. The Lowe's Disclosure Contained Ambiguous And Confusing References To The Applicant's "Child/Ward"—Rendering The Disclosure Unclear.

The district court's conclusion that Lowe's Disclosure was "clear and conspicuous" is flawed for two reasons: (1) the district court ignored the ambiguity of the "or your child/ward" language and incorrectly applied its own interpretation of how the phrase was supposedly intended, and (2) the district court incorrectly concluded that such references were unlikely to confuse job applicants. As explained below, the district court's decision runs contrary to the plain language of the Act and this Court's prior decisions.

Though the FCRA's "clear and conspicuous" provision is a singular

14

requirement, each prong is analyzed, and must be satisfied, individually. This Court has explained that, to be "clear," a disclosure must be "reasonably understandable," and to be "conspicuous" it must be "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019) (citing *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010)). Ultimately, to satisfy the FCRA, a disclosure must be both clear *and* conspicuous. In *Gilberg*, for example, the disclosure was conspicuous, but it "contain[ed] language that a reasonable person would not understand" and was therefore unclear. *Gilberg*, 913 F.3d at 1177.

In setting out this standard, the *Gilberg* court "adopt[ed]" the "clear and conspicuous" analysis from *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010), a case addressing the Truth in Lending Act. *Id.* at 1176. In *Rubio*, the Court, analyzing competing interpretations of "fixed rate" in a disclosure, considered how a reasonable consumer would interpret the term. *Id.* at 1201. The presence of competing reasonable interpretations showed the term was ambiguous, precluding a finding that the disclosure was clear and conspicuous:

> But it is precisely because reasonable consumers can interpret an ambiguous disclosure in more than one way that such a disclosure cannot be clear and conspicuous. *See, e.g., Lifanda v. Elmhurst Dodge, Inc.*, 237 F.3d 803, 808 (7th Cir. 2001). Furthermore, because TILA is liberally construed in favor of the consumer and strictly enforced against the creditor, *Jackson*, 890 F.2d at 120, any misleading ambiguity—any disclosure that a reasonable person could read to mean something that is not accurate—"should be resolved in

15

favor of the consumer." *Rossman*, 280 F.3d at 394.

*Rubio*, 613 F.3d at 1202. The FCRA is to be similarly construed. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("These consumer oriented objectives support a liberal construction of the FCRA." (citing *Kates v. Crocker Nat. Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985))).

Applied here, the Lowe's Disclosure was ambiguous in that it informed applicants that Lowe's may procure a consumer report regarding the applicant "or [their] child/ward". (ER-33–34; ER-57–58.) This language could be construed in at least two ways. First, it could be read to apply to minors who apply to work at Lowe's—the form would thus be seen as seeking parental permission for the report concerning their minor child/ward. At the same time, the language could be read as applying to consumer reports about the applicant that contains consumer credit information regarding the applicant *and* their child/ward—despite the child/ward not being an applicant. In other words, under the ambiguous nature of the form that Lowe's drafted, an adult applicant is arguably authorizing the procurement of a consumer report that will contain consumer information about the applicant as well as the applicant's child/ward. As phrased, the scope of the disclosure is "unclear as to whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both." (ER-31.) Because the Disclosure is ambiguous, it cannot be considered "clear".

16

In dismissing the case, the district court found as follows:

> The Disclosure's repeated references to the consumer or applicant's "child/ward" are not confusing; rather, the references simply disclose to the reader that Lowe's <u>may obtain information about their child</u>. Plaintiff argues that ambiguity exists as to "whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both." (Doc. 23 at 11 (citing Doc. 11 at 3)). Even assuming such ambiguity exists, however, the Court cannot find that the entire Disclosure is rendered confusing, misleading, or otherwise unclear as a result. <u>Whether the report concerns "the applicant, their children/wards, or both" is of no matter to the FCRA disclosure requirement</u>. Rather, the Act requires only "a clear and conspicuous disclosure . . . that a consumer report may be obtained for employment purposes." § 1681b(b)(2)(A)(i). The Disclosure here does just that; it clearly discloses that Lowe's may obtain, for purposes of employment, a background report concerning the consumer/applicant or their child/ward.

(ER-22) (Emphasis added).

The district court's rational is untenable. It states that the ambiguity must render the entire Disclosure confusing or otherwise unclear—that is not the law. And in any case, the ambiguity regarding the child/ward language renders the report unclear as to scope, including *whose* information will be contained in the report. This information is needed to make an informed authorization. And it is far from irrelevant: the FCRA expressly prohibits employers from procuring a consumer report "with respect to any consumer", <u>unless</u> the employer provides: (1) a "clear and conspicuous" disclosure to "the consumer", and (2) "the consumer has authorized" the procurement of the report. *See* 15 U.S.C. § 1681b(b)(2)(A). The district court reads "with respect to any consumer" out of the Act and proceeds as

17

if the report may be obtained about any person, even dependents of the consumer-applicant. The district court's rationale, if upheld, would open the door to employers obtaining unrelated consumer reports regarding non-applicants despite the Act's express prohibition against procuring such reports.

That the Disclosure may reasonably be interpreted in different ways is perhaps best exemplified by the fact the district court's reading of the child/ward language differs from Lowe's own interpretation. Indeed, whereas the district court concluded "The Disclosure's repeated references to the consumer or applicant's 'child/ward' …simply disclose to the reader that Lowe's may obtain information about their child," Lowe's itself has asserted that the disclosure was intended to obtain parental permission for minor applicants.[2] That Lowe's and the district court reached competing conclusions shows the language is susceptible to multiple interpretations, rendering the Disclosure plausibly unclear to survive the pleadings stage. *Rubio*, 613 F.3d at 1202 ("[I]t is precisely because reasonable consumers can interpret an ambiguous disclosure in more than one way that such a disclosure cannot be clear and conspicuous.").

---

[2] In its motion to dismiss, Lowe's asserted that the Disclosure may have been used in the context of notifying a parent in the case of a minor applicant. (ER-28.) That may be true, but the problem is twofold: (1) the Disclosure was provided to *all* applicants (not just minors); and (2) as phrased, it permits Lowe's to procure a report concerning *all* applicants' children/wards regardless of the information's relevance to the employment purpose.

In addition to the ambiguity, the district court erred by finding that "the Disclosure's final sentence merely provides that a specific category of information—*i.e.*, information related to the applicant's worthiness, credit standing, or credit capacity—would not be requested by Lowe's unless the applicant signed a separate authorization." (ER-23.) The second paragraph—which states that information related to "you or your child's/ward's worthiness, credit standing, or credit capacity" will not be requested without disclosing further information and obtaining separate authorization (ER-57-58)—is confusing as to the nature of the report being procured. Given that Lowe's included information that may bear on worthiness, credit standing, and credit capacity in its initial description of "background report," the second paragraph calls into question whether Lowe's intends to obtain a background report at all—it is not reasonably understandable why Lowe's would disclose that it may obtain a report containing various information only to state in the same disclosure form that it will do so following additional disclosures. (ER-34; ER-44.)

Further, the second paragraph refers to "worthiness," as opposed to credit worthiness. It is unclear whether "worthiness" encompasses some or all the information noted in the first paragraph or perhaps another nebulous category of information that Lowe's may review. (ER-57-58.) In short, the second paragraph of Lowe's Disclosure further muddies what is an already confusing disclosure.

Applicants like Downing cannot reasonably understand what exactly is being disclosed and what report, if any, Lowe's intends to procure.

Because it includes ambiguous and confusing language regarding background reports of the applicants' children and contradicts its own expressed intent with a qualification for any report concerning "worthiness," Lowe's Disclosure is unclear, if not indecipherable. Accordingly, Downing has stated a claim for relief for violation of the FCRA, and the district court's Order dismissing the claims against Lowe's should be reversed.

### B. The District Court Also Erred By Concluding As A Matter Of Law That Lowe's Disclosure—Which Includes References To Children/Wards And Extraneous Disclosures—Stands Alone.

In addition to being unclear, the Disclosure also violates the FCRA because it fails to stand alone. The Disclosure contains extraneous information, and the district court erred by reading an implied exception into the Act.

### 1. The plain language of the FCRA and Ninth Circuit precedent require consumer report disclosures to be made in a document that consists solely of the disclosure.

The FCRA expressly mandates that a consumer report disclosure must be made "in a document that consists solely of the disclosure". 15 U.S.C. § 1681b(b)(2)(A)(i). The language is not subject to interpretation for the last 6 years:

> Where congressional intent "has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." . . . The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively."

20

*Syed v. M-I, LLC*, 853 F.3d 492, 500 (9th Cir. 2017) (citations omitted). In *Syed*, this Court noted that other FCRA disclosure provisions omit the term "solely," which indicates "that Congress intended that term to carry meaning in 15 U.S.C. § 1681b(b)(2)(A)(i)." *Id.* at 501. Further, "in light of Congress's express grant of permission for the inclusion of an authorization, the familiar judicial maxim *expressio unius est exclusio alterius* counsels against finding additional, implied, exceptions." *Syed*, 853 F.3d at 501. Thus, any extraneous information contained in a disclosure form violates the standalone requirement.

This Court reinforced *Syed* in two subsequent cases. First, in *Gilberg*, when considering the inclusion of state law disclosures, the Court clarified that "*Syed's* holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to any surplusage." 913 F.3d at 1175. The clarity of the FCRA's standalone provision is beyond dispute:

> We concluded [in *Syed*] the statute meant what it said: the required disclosure must be in a document that "consist[s] 'solely' of the disclosure." We based this holding on the statute's plain language, noting "[w]here congressional intent 'has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'"

*Id.* (citing *Syed*, 853 F.3d at 496, 500).

This Court reiterated that "a disclosure form violates the FCRA's standalone requirement if it contains any extraneous information beyond the disclosure

21

required by the FCRA" in *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1088 (9th Cir. 2020). The *Walker* court explained the information that may be contained within a disclosure as follows:

> We now hold that beyond a plain statement disclosing "that a consumer report may be obtained for employment purposes," some concise explanation of what that phrase means may be included as part of the "disclosure" required by § 1681b(b)(2)(A)(i). For example, a company could briefly describe what a "consumer report" entails, how it will be "obtained," and for which type of "employment purposes" it may be used. *See* 15 U.S.C. § 1681b(b)(2)(A)(i). Such information would further the purpose of the disclosure by helping the consumer understand the disclosure. *See Syed*, 853 F.3d at 501 (noting that Congress' purpose to protect consumers from improper invasions of privacy would be frustrated in the absence of a clear disclosure because job applicants would not understand what they were authorizing).

*Id.* at 1088–89 (9th Cir. 2020). But the *Walker* court went on to find that including references to other rights protected by the FCRA could run afoul of the Act's requirement. There, the court considered whether a paragraph informing the consumer of their right to inspect their consumer report ran afoul of the Act. *Id.* at 1090. By including this paragraph, the disclosure was found to have violated the standalone disclosure requirement. *Id.* at 1090. This Court explained:

> This language, however, may "pull[ ] the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights" that he has to inspect GIS's files. *See Syed*, 853 F.3d at 502; *see also Gilberg*, 913 F.3d at 1175–76 (noting that additional information about rights under state laws, and references to extraneous documents like a summary of rights under the FCRA, was "as likely to confuse as it [wa]s to inform," and holding that the

inclusion of such information violated the standalone disclosure requirement).

*Id.* at 1090–91. Taken together, *Syed*, *Gilberg*, and *Walker* stand for the unremarkable proposition "that the standalone requirement forecloses implied exceptions" beyond a brief description of the report. *Gilberg*, at 1176; *see also Walker*, at 1090–91. Hence, extraneous information included under the guise of furthering the purpose of the FCRA " does not override plain meaning"—"even 'related' information may distract or confuse the reader," as the presence of extraneous information in a disclosure form that is "as likely to confuse as it is to inform" does not further the purpose of the FCRA. *Id.* at 1175–76; *see also Walker*, at 1090–91.

The district court erred by concluding that Lowe's Disclosure stands alone.

> **2.    Lowe's Disclosure fails to stand alone—it contains extraneous language purporting to allow Lowe's to obtain information regarding the applicant's children or wards and referenced extraneous, future disclosures.**

Similar to its errors with respect to the Disclosure's lack of clarity, the district court incorrectly concluded that the Lowe's Disclosure stands alone despite the references to (a) an applicant's child/ward and (b) extraneous, future disclosures and reports. Neither is permitted.

The district court first erred in finding that employers may combine separate disclosures into a single document. As previously explained, the Lowe's

Disclosure contains extra language purporting to allow it to pull reports for either the applicant "or [their] child/ward." (ER-41; ER-57–58.) In other words, the Lowe's Disclosure purports to extend to the rights of multiple individuals, including the applicant's children. The district court found that the use of a combined disclosure did not run afoul of the FCRA as follows:

> Plaintiff argues that the Disclosure's inclusion of "extra language purporting to allow First Advantage to pull reports for either the applicant 'or [their] child/ward'" renders the entire Disclosure to be in violation of the standalone requirement. (Doc. 23 at 9). Plaintiff explains that this language makes the Disclosure "not one, standalone disclosure, but a joint disclosure for multiple people" and that it "functions to pull the applicant's attention away." (*Id.* at 9–10). The Court is unpersuaded. This language merely informs the applicant of *whose* information might be obtained as part of the background report, which falls squarely within the scope of "describ[ing] what a 'consumer report' entails." *Walker*, 953 F.3d at 1084.

(ER-20.) Again, the Order ignores both the Disclosure's ambiguity as well as Lowe's own interpretation of the language. As previously explained, the FCRA limits whose information can be included in an employment related consumer report to only the applicant-consumer. *See* 15 U.S.C. § 1681b(b)(2)(A). The district court ignored this and supplied an interpretation that was most favorable to Lowe's. This constitutes error. The language in the Disclosure is not one, standalone disclosure, but a joint disclosure for multiple people. The statement that Lowe's "may obtain a 'background report' about you or your child/ward for employment purposes" is not qualified in any way and applies to any party signing

the form—if a parent fills out the form on behalf of a minor applicant, the form discloses a potential report for either the parent or child. (ER-57–58.) By opting for a joint disclosure, Lowe's ran afoul of the FCRA's standalone disclosure requirement.

The district court also erred by finding that the inclusion of the second paragraph referencing the potential for an *additional,* "separate" disclosure and authorization that Lowe's would present to the applicant prior to pulling a consumer credit report. Finding this did not run afoul of the FCRA, the court held:

> Unlike the liability waiver in *Syed* and the language referencing the applicant's non-FCRA rights in *Gilberg* and *Walker*, the final sentence in the Lowe's Disclosure does not divert the applicant's attention away from his or her rights under the FCRA. Rather, the Court finds that the sentence—which explains that certain credit-related information will only be obtained if a separate authorization is signed—is merely part of the Disclosure's "concise explanation" of what it means for Lowe's to obtain a consumer report.

(ER-19) (Emphasis added).

The district court's rationale misreads *Gilberg* and *Walker*. Whether a disclosure refers to extraneous information concerning rights under the FCRA as opposed to other statutes is irrelevant.[3] Both *Gilberg* and *Walker* involved

---

[3] Indeed, under the district court's reasoning, a disclosure referencing an employer's intent to use the report for affiliate marketing purposes under 15 U.S.C. § 1681s-3 would technically be referencing a consumers' rights under the FCRA, but it has no connection to the employment inquiry. The Court should refuse to adopt an implied exception for FCRA-related rights.

disclosures that violated the FCRA's standalone disclosure rule based on the inclusion of information regarding the applicants' <u>rights under the FCRA</u>. *See Gilberg*, 913 F.3d at 1175–76 (finding, in part, that the inclusion of a "Summary of Your Rights Under the Fair Credit Reporting Act" violated the FCRA's standalone disclosure requirement); *Walker*, 953 F.3d at 1090–91 (finding that informing applicants regarding their right to obtain a copy of their consumer report violated the standalone disclosure requirement).

The same is true here. While Lowe's will argue that the phrase was included to provide "helpful" information regarding the scope of the consumer report to be procured, that only serves to pull attention away from the rights actually at issue, including by informing applicants that there will be some other forms to review later. The Ninth Circuit has uniformly considered extraneous information (including FCRA-related rights) that "pulls the applicant's attention away" from the Disclosure itself to violate the standalone requirement. *Syed*, 853 F.3d at 502; *Walker*, 953 F.3d at 1090 (citing *Syed*); *Gilberg*, 913 F.3d at 1175 (same). Put simply, the inclusion of the paragraph referencing an extraneous disclosure and authorization violated the standalone disclosure requirement.

Also, from a practical perspective the paragraph regarding future reports adds <u>nothing</u> in terms of useful information that would aid an applicant in making an informed decision regarding whether to authorize *this* report. As currently

26

phrased, the Lowe's Disclosure does not permit Lowe's to obtain credit information. But it includes an explanation regarding how Lowe's could obtain credit information in the future. On its face, a second disclosure and authorization would be necessary to procure credit information in the future, and the inclusion of a paragraph referencing an extraneous, future disclosure naturally "pulls the applicant's attention away" from the current Disclosure.

The district court relied heavily on *Warr v. Cent. Garden & Pet Co.*, to justify the Disclosure's references to future reports. No. 20-cv-09405-JST, 2021 WL 6275013, at *5 (N.D. Cal. Sept. 21, 2021) (ER-19.) But *Warr* is off-point. In *Warr*, the disclosure stated, in relevant part:

> These reports may contain information regarding your credit history, criminal history, social security verification, motor vehicle records ("driving records"), verification of your education or employment history, or other background checks. *Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying.*

*Warr*, 2021 WL 6275013, at *5 (emphasis in original). Contrary to Lowe's Disclosure, the disclosure in *Warr* did not reference any extraneous disclosures and instead included an explanation that credit information could be procured using the same disclosure. In the present case, the issue is not that credit information may be obtained, it is that the disclosure references *separate* disclosures and authorizations. The *Warr* disclosure permissibly included an explanation in a

27

single disclosure while the Lowe's Disclosure references an **extraneous**, **additional** disclosure.

The extraneous information included in the Lowe's Disclosure confuses applicants like Downing and pulls attention away from the disclosure. As such, the disclosure violates the FCRA, and the district court's order dismissing the case should be reversed.

### C. Plaintiff Sufficiently Alleges That Lowe's Violations Of The FCRA Were Willful.

As a final point, while the district court did not reach the issue of whether the complaint sufficiently alleged a willful violation of the Act (ER-15), Downing writes briefly to explain that he has alleged willfulness such that reversal would not be futile.

With respect to the FCRA, the Supreme Court has explained that "reckless disregard of a requirement of FCRA would qualify as a willful violation" of the Act. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 71 (2007). Reckless disregard occurs where the defendant acts or interprets a statute in a way that is "objectively unreasonable" and creates a risk of violation that is substantially greater than the risk associated with a careless reading. *Id*. at 69–70. While the Court deemed the statute "less-than-pellucid" on the issue in 2007 (*id.* at 70), even a lack of definitive authority "does not, as a matter of law, immunize [a party] from potential liability" for violating the FCRA. *Syed*, 853 F.3d at 504 (quoting *Cortez*

28

*v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010)) (alterations in original).

Since *Safeco*, the Ninth Circuit has repeatedly addressed the FCRA's disclosure requirement and has established decisive authority on the issue. In *Syed*, this Court adopted the standards of *Safeco* and held that the standalone requirement, as is at issue in the present case, "is not subject to a range of plausible interpretations." *See Syed*, 853 F.3d at 503–06. That is, "15 U.S.C. § 1681b(b)(2)(A) unambiguously forecloses the inclusion of a liability waiver in a disclosure document. Thus we need not consider . . . subjective interpretation of the FCRA in determining whether [the defendant] acted [recklessly]." *Id.* And, as confirmed in *Gilberg*, *Syed's* holding and analysis is "not limited to liability waivers," but applies "to any surplusage." *Gilberg*, 913 F.3d at 1175.

At the pleading stage, Downing "simply must allege sufficient facts to demonstrate the alleged violation, as pled, amounts to an objectively unreasonable reading of the statute." *Moore v. Rite Aid Hdqtrs Corp.*, No. CIV. A. 13-1515, 2015 WL 3444227, at *10 (E.D. Pa. May 29, 2015) (evaluating a motion to dismiss in FCRA case that raised a similar willfulness argument and finding that the attack improperly "go[es] to the merits of plaintiff's case").

Here, Downing has alleged Lowe's violation was willful: Lowe's has faced prior lawsuits regarding the FCRA's disclosure requirements and the plain language of established law and clear judicial and administrative guidance

counsels against including extraneous language. (ER-41–42; ER-45.) Furthermore, to the extent that Lowe's asserts that the law was unsettled at the time of the alleged violations, such arguments should be rejected. The Disclosure in this case was presented in February of 2022. *Syed*, *Gilberg*, and *Walker* were firmly the law. There is simply no basis for finding the law was unsettled at the time of the alleged violations.

Put simply, the FCRA's disclosure requirements are unambiguous, and taking the allegations in a light most favorable to Downing, as required on a motion to dismiss, the allegations were sufficient to state a claim for willful violation of the FCRA above the speculative level.

## CONCLUSION

For the foregoing reasons, the district court's order dismissing the Lowe's claims was committed in error. By presenting a combined, ambiguous disclosure for applicants and their children/ward, the Lowe's Disclosure ran afoul of the FCRA's "clear and conspicuous" and "standalone" disclosure requirements. Ultimately, the Disclosure's surplusage exceeds what is permitted by the Act and was confusing to Downing and a reasonable person. Plaintiff therefore stated a claim for relief.

As such, the district court's order of dismissal should be reversed, and the case should be remanded for discovery and consideration of the claims on the merits.

Date: November 15, 2023          Respectfully submitted,

                                 By: */s/ Taylor T. Smith*

                                 Steven L. Woodrow
                                 swoodrow@woodrowpeluso.com
                                 Patrick H. Peluso
                                 ppeluso@woodrowpeluso.com
                                 Taylor T. Smith
                                 tsmith@woodrowpeluso.com
                                 Woodrow & Peluso, LLC
                                 3900 E. Mexico Ave., Suite 300
                                 Denver, CO 80210
                                 Tel: (720) 213-0676

                                 *Attorneys for Appellant Justin Downing*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* <http://www.ca9.uscourts.gov/forms/form17instructions.pdf>

**9th Cir. Case Number(s)** _____23-16102_____

The undersigned attorney or self-represented party states the following:

[**X**] I am unaware of any related cases currently pending in this court.

[  ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[  ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

N/A

**Signature** _ */s/ Taylor T. Smith* _____**Date** 11/15/2023 _____
*(use* "s/[typed name]" *to sign electronically filed documents)*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** _____23-16102_____

I am the attorney or self-represented party.

**This brief contains** _____6,450_____ **words,** excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[**X**] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P.
29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because
*(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint
brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** __*/s/ Taylor T. Smith*_____ **Date** 11/15/2023_____
*(use "*s/[typed name]*" to sign electronically filed documents)*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 15, 2023      By: */s/ Taylor T. Smith*

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Tel: (720) 213-0676

*Attorneys for Appellant Justin Downing*