No. 23-16102

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUSTIN DOWNING,

*Plaintiff-Appellant,*

v.

LOWE'S HOME CENTERS, LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Arizona
No. 3:22-cv-08159-SPL
Hon. Steven P. Logan

EXCERPTS OF RECORD
Volume 1 of 1

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
(720) 213-0676

*Attorneys for Appellant Justin Downing*

# INDEX

Page

Amended Judgment,
Docket No. 38 (filed August 2, 2023) .................................................................. ER-3

Judgment,
Docket No. 36 (filed July 31, 2023) .................................................................. ER-4

Order Granting Motion for Certification of Rule 54(b) Judgment,
Docket No. 35 (filed July 31, 2023) .................................................................. ER-5

Order Granting Motion to Dismiss,
Docket No. 29 (filed June 20, 2023) ............................................................. ER-10

Defendant's Motion to Dismiss (*Excerpt*)
Docket No. 18 (filed November 10, 2022)....................................................... ER-25

First Amended Class Action Complaint,
Docket No. 11 (filed October 27, 2022)........................................................... ER-29

Exhibits A and B to First Amended Class Action Complaint,
Docket No. 13 (filed November 3, 2022)......................................................... ER-56

Notice of Appeal, Docket No. 43 (filed on August 14, 2023) ........................ ER-61

District Court Docket Sheet ........................................................... ER-65

1
2
3
4
5

6                **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9  Justin Downing,                          **NO. CV-22-08159-PCT-SPL**

10              Plaintiff,
                                            **AMENDED JUDGMENT OF**
11 v.
                                            **DISMISSAL IN A CIVIL CASE**
12 Lowe's Companies Incorporated, et al.,

13              Defendants.

14 ────────────────────────────

15       **Decision by Court.**  This action came for consideration before the Court.  The

16 issues have been considered and a decision has been rendered.

17       IT IS ORDERED AND ADJUDGED that pursuant to the Court's order filed July

18 31, 2023, Plaintiff to take nothing, and the complaint and action are dismissed with

19 prejudice as to all claims against Defendant Lowe's Companies Incorporated.

20                              Debra D. Lucas
                                ───────────────────────────────
21                              District Court Executive/Clerk of Court

22 August 2, 2023

23                              s/ Rebecca Kobza
                           By   ───────────────────────────────
                                Deputy Clerk
24
25
26
27
28

                                                                            **ER-3**

1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

9 Justin Downing,

           **NO. CV-22-08159-PCT-SPL**

10          Plaintiff,

           **JUDGMENT OF DISMISSAL IN A**

11 v.

           **CIVIL CASE**

12 Lowe's Companies Incorporated, et al.,

13          Defendants.

14

15      **Decision by Court.** This action came for consideration before the Court. The

16 issues have been considered and a decision has been rendered.

17      IT IS ORDERED AND ADJUDGED that pursuant to the Court's order filed July

18 31, 2023, Plaintiff to take nothing, and the complaint and action are dismissed with

19 prejudice.

20                          Debra D. Lucas

21                          District Court Executive/Clerk of Court

22 July 31, 2023

23                          s/ Rebecca Kobza

                By     Deputy Clerk

24
25
26
27
28

1     **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8     Justin Downing,                    )    No.  CV-22-08159-PCT-SPL

9                                       )

10                   Plaintiff,         )    **ORDER**

      vs.                                 )

11                                         )

12     Lowe's Companies Incorporated, et al.,   )

                                        )

13                 Defendants.       )

                                        )

14     _____ )

15         Before the Court is Plaintiff Justin Downing's ("Plaintiff") Motion for Certification

16 of Judgment (Doc. 31) in which Plaintiff requests that the Court direct the entry of final

17 judgment with respect to Defendant Lowe's Companies Incorporated ("Lowe's"), pursuant

18 to Federal Rule of Civil Procedure 54(b). The Motion is fully briefed and ready for review.

19 (Docs. 31, 32, & 33). The Court rules as follows.[1]

20         On June 20, 2023, the Court granted Lowe's' motion to dismiss and dismissed the

21 company from this action with prejudice. (Doc. 29). The Court found that, as a matter of

22 law, Lowe's did not violate 15 U.S.C. § 1681b(b)(2)(A) of the Fair Credit Reporting Act

23 ("FCRA"). (*Id.* at 14). This action was not dismissed entirely, however, as Plaintiff's two

24 separate claims against Defendant First Advantage Corporation ("First Advantage")

25 remain. (*See* Doc. 28 (June 8, 2023 Order *denying* First Advantage's motion to dismiss)).

26

27         [1] Because it would not assist in resolution of the instant issues, the Court finds the
pending Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R.

28 Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiff seeks to appeal this Court's June 20, 2023 Order dismissing his claims against Lowe's. (Doc. 31 at 2). He now seeks entry of final judgment pursuant to Rule 54(b).

Rule 54(b) provides that where, as here, an action involves multiple claims or parties,

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). "The Rule was adopted 'specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Krause v. Yavapai Cnty.*, No. CV 19-08054-PCT-MTL (ESW), 2020 WL 4530467, at *1 (D. Ariz. Aug. 6, 2020) (alterations omitted) (quoting *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015)). "The Rule thus aimed to augment, not diminish, appeal opportunity." *Id.* (quoting *Jewel*, 810 F.3d at 628). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Id.* (internal quotation marks omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "In making this determination, it is proper for courts to consider 'whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id.* (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

The Court may only exercise its discretion to enter a Rule 54(b) final judgment if it first "render[s] an ultimate disposition of an individual claim" and then "find[s] that there is no just reason for delaying judgment on this claim." *Pakootas v. Teck Cominco Metals,*

1    *Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018). "The burden is on the party endeavoring to obtain

2    Rule 54(b) certification to demonstrate that the case warrants certification." *First*

3    *Amendment Coal. of Ariz., Inc. v. Ryan*, No. CV-14-01447-PHX-NVW, 2016 WL

4    4236373, at *1 (D. Ariz. Aug. 10, 2016). Courts must consider two prongs when

5    determining whether there is just reason for delaying entry of judgment. *Jewel*, 810 F.3d

6    at 628. First, the court must analyze "juridical concerns," including "whether the certified

7    order is sufficiently divisible from the other claims such that the case would not inevitably

8    come back to [the Court of Appeals] on the same set of facts." *Id.* Second, courts conduct

9    an "equitable analysis" in which they "focus on traditional equitable principles such as

10    prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). The

11    parties *agree* that the Court's June 20, 2023 Order constituted an "ultimate disposition" of

12    Plaintiff's claims against Lowe's. (*See* Doc. 32 at 5, n.1 (Lowe's conceding that "there has

13    been an 'ultimate disposition' of the claims against it")). Thus, the Court need only

14    consider whether juridical concerns and equitable principles demonstrate that there is no

15    just reason for delaying judgment on Plaintiff's two FCRA claims against Lowe's.

16          With respect to juridical concerns, the Court agrees with Plaintiff that the claims

17    against Lowe's rest on entirely independent legal theories and facts as compared to the

18    still-pending claims against First Advantage. In fact, Lowe's itself concedes this,

19    recognizing that the issues presented by the claims against Lowe's are "largely distinct"

20    from those presented by the claims against First Advantage, and that "the overwhelming

21    likelihood is that any appeal [on the Lowe's claims] would have little bearing on the

22    remaining claims [against First Advantage]." (Doc. 32 at 6). Thus, the Court finds that this

23    is *not* the sort of case where the "legal right to relief stems largely from the same set of

24    facts and would give rise to successive appeals that would turn largely on identical, and

25    interrelated, facts." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005).

26          As to equitable considerations, the Court also agrees with Plaintiff that—because

27    this Court has already rendered an ultimate disposition as to his claims against Lowe's—

28    denying Plaintiff the opportunity to appeal now would mean that his claims against Lowe's

would merely "stagnate" until Plaintiff's claims against First Advantage are resolved and final judgment is entered. (*See* Doc. 31 at 5). Given that this case was filed in September 2022, is only just beyond the motion-to-dismiss stage, and involves potential class certification issues, this delay could be substantial. Plaintiff contends that a lengthy delay would "prejudice both parties in the form of unavailability of witnesses, the potential loss of pertinent records, and faded memories." (Doc. 31 at 6). Lowe's responds that Plaintiff's assertion of harm "is a generic argument that would apply in virtually every situation in which a portion of the case is dismissed and others proceed." (Doc. 32 at 7). Lowe's also points out that there is no risk of severe financial harm. (*Id.*). The Court agrees with Lowe's that Plaintiff's assertions of potential harm are not novel to a situation such as this. Moreover, the harms are speculative, as Plaintiff fails to offer any specific details explaining how or why the unavailability of witnesses or the loss of certain records is likely to occur. Nonetheless, the Court finds that the equities weigh in favor of granting Plaintiff's Motion. The Court is not aware of any harm that will be caused to Lowe's by allowing Plaintiff to appeal this Court's dismissal of the Lowe's claims, particularly given that those claims are entirely distinct and independent from the First Advantage claims. This total lack of harm is outweighed by the harm put forth by Plaintiff, despite Plaintiff's harm being somewhat speculative. At the least, a significant delay could occur. In turn, that delay could cause a host of other issues for both parties.

In sum, the Court finds that there is no just reason for delay. There is almost no risk that granting Plaintiff's Rule 54(b) request will cause duplicate proceedings before the Ninth Circuit because the Lowe's claims are wholly and definitively separate from the First Advantage claims. Further, in the absence of a Rule 54(b) judgment, there is a reasonable chance that a *significant* delay will occur with respect to final resolution of the Lowe's claims. This chance for a delay (and the possible issues that may occur because of it) outweighs any potential harm to Lowe's.

///

///

4

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Certification of Judgment (Doc. 31) is **granted**. The Clerk of Court is directed to **enter a final judgment** dismissing with prejudice all claims against Defendant Lowe's Companies Incorporated pursuant to Federal Rule of Civil Procedure 54(b).

Dated this 31st day of July, 2023.

Honorable Steven P. Logan
United States District Judge

5

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, | No. CV-22-08159-PCT-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Lowe's Companies Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Lowe's Companies Incorporated's ("Lowe's" or "Defendant") Motion to Dismiss (Doc. 18). Defendant requests dismissal of Counts I and II of Plaintiff Justin Downing's ("Plaintiff") Amended Complaint (Doc. 11). Defendant's Motion has been fully briefed and is ready for review. (Docs. 18, 23, & 24). For the following reasons, the Motion is granted.[1]

## I. BACKGROUND

In February 2022, Plaintiff applied for a job with Lowe's. (Doc. 11 at 5). As part of the hiring process, Plaintiff was provided with several acknowledgments of company disclosures, including the following disclosure regarding a background report:

> DISCLOSURE REGARDING BACKGROUND REPORT
>
> Lowe's . . . may obtain a "background report" about you or
> your child/ward for employment purposes from a third-party

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1
2
3
4
5

consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results.

6
7
8
9

Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

10  (the "Disclosure") (Doc. 13 at 2–3). On February 26, 2022, Plaintiff indicated his
11  acknowledgment of the Disclosure by signing it. (*Id.*). Thereafter, Lowe's contracted with
12  First Advantage Corporation ("First Advantage" or, together with Lowe's,
13  "Defendants")—a consumer reporting agency ("CRA") that provides, among other things,
14  "background screening services to employers nationwide"—to compile and furnish the
15  background report. (Doc. 11 at 5, 7).

16        Between February 26 and March 2, 2022, First Advantage "commenced a search
17  for Plaintiff's past criminal history to be included in his consumer report." (*Id.*). On March
18  2, 2022, First Advantage provided a completed background report to Lowe's. (*Id.*). On
19  March 10, 2022, Lowe's denied Plaintiff employment "based in whole or in part on
20  information contained within his consumer report." (*Id.* at 8–9). Plaintiff alleges that the
21  background report inaccurately included three past criminal convictions with the
22  disposition stated as "guilty." (*Id.* at 7). Although Plaintiff admits to pleading guilty to
23  three criminal charges between 2006 and 2009, he contends that "it is not accurate to state
24  that the disposition of those cases is 'guilty'" because, on November 24, 2020, the three
25  judgments of guilt were set aside by the Navajo County Superior Court, pursuant to
26  A.R.S. § 13-905. (*Id.* at 7–8).

27  ///
28

2

On September 8, 2022, Plaintiff filed this action against Defendants Lowe's and First Advantage.[2] (*See* Doc. 1). Plaintiff filed it as a class action suit, asserting his claims on behalf of himself and all those similarly situated. (Doc. 11 at 9). The Amended Complaint defines two separate classes—the "Lowe's Class" and the "First Advantage Class." (*Id.*). The Lowe's Class is defined as:

> All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) applied for employment with Lowe's; (3) about whom Lowe's procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form Lowe's provided to Plaintiff.

(*Id.*).[3] Plaintiff alleges that Defendants' actions—relating to the disclosure, procurement, compiling, and furnishing of the background report upon which his denial of employment was based—violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (*Id.* at 1–4). In Count I, Plaintiff and the Lowe's Class assert a claim against Lowe's for violation of the FCRA's "standalone" disclosure requirement, which is found in § 1681b(b)(2)(A). (*Id.* at 12–15). In Count II, Plaintiff and the Lowe's Class assert a claim against Lowe's for violation of the FCRA's "clear and conspicuous" disclosure requirement, which is also found in § 1681b(b)(2)(A).[4] (*Id.* at 15–18). On November 10, 2022, Defendant Lowe's filed the present Motion seeking dismissal with prejudice of

---

[2] On October 27, 2022, Plaintiff filed the Amended Complaint (Doc. 11), which remains the operative complaint in this matter.

[3] The First Advantage Class is defined as: "All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) about whom First Advantage provided a consumer report; (3) to any employer or potential employer; (4) where the consumer report contained a criminal disposition of "guilty"; and (5) where the consumer's conviction had been set aside pursuant to A.R.S. § 13-905." (Doc. 11 at 9).

[4] In Counts III and IV, Plaintiff and the First Advantage Class assert claims against First Advantage for violation of §§ 1681e(b) and 1681k(a), provisions concerning the procedures that a CRA must follow when preparing a consumer report. (Doc. 11 at 18–25).

Counts I and II. (Doc. 18). Plaintiff later filed a Response. (Doc. 23). Defendant has since filed a Reply brief (Doc. 24), along with two separate Notices of Supplemental Authority (Docs. 26 & 27). The Court has fully considered the parties' briefing, Defendant's Notices of Supplemental Authority, and the entire record in this matter.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft*, 556 U.S. at 678. Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

### B. FCRA Overview

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In pursuing these goals, the FCRA "regulates the creation and the use of consumer reports by [CRAs] for certain specified purposes, including credit transactions, insurance, licensing, consumer-initiated business transactions, and employment." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334–35 (2016) (citations omitted) (internal quotations omitted). "[T]he statute imposes . . . a panoply of procedural obligations and creates a private right of action for consumers to enforce compliance." *Gomez v. EOS CCA*, No. CV-18-02740-PHX-JAT (DMF), 2020 WL

3271749, at *2 (D. Ariz. June 17, 2020) (citing *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113–14 (9th Cir. 2017)). Specifically relevant to the instant Motion is § 1681b, the provision under which Plaintiff asserts two claims against Lowe's. (*See* Doc. 11 at 12–18). Section 1681b "covers permissible purposes for consumer reports," and subsection (b) "relates to consumer reports for employment purposes." *Juster v. Workday, Inc.*, 617 F. Supp. 3d 1128, 1134 (N.D. Cal. 2022). Section 1681b(b)(2)(A) provides as follows:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . *a clear and conspicuous disclosure has been made* in writing to the consumer at any time before the report is procured or caused to be procured, in a document *that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes.

§ 1681b(b)(2)(A)(i) (emphasis added). "The question of whether a disclosure is 'clear and conspicuous' within the meaning of [§] 1681b(b)(2)(A)(i) is separate from the question of whether a document consists 'solely' of a disclosure." *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017).

## III.  **DISCUSSION**

Plaintiff in this case alleges that the Lowe's Disclosure violated § 1681b(b)(2)(A)(i). (Doc. 11 at 18–25). Plaintiff contends that the Disclosure contains (i) extraneous language relating to background checks of children or wards and (ii) a confusing, conflicting explanation as to future disclosures related to credit information. (Doc. 23 at 7). Plaintiff argues that, as a result, the Disclosure did not consist solely of the disclosure, and was not clear and conspicuous, in violation of the FCRA. (*Id.*). In its Motion, Defendant requests that this Court dismiss both of Plaintiff's claims against Lowe's for failure to state a claim. (Doc. 18 at 6). Defendant argues that the Disclosure satisfied the standalone requirement because it did not contain any extraneous information. (*Id.* at 9–13). Likewise, Defendant argues that the Disclosure satisfied the clear and conspicuous requirement because it was readily noticeable and reasonably understandable to the consumer. (*Id.* at 13–15). Defendant alternatively argues that, even if Plaintiff could establish that the Lowe's

Disclosure violated the substantive requirements of § 1681b, Plaintiff's claims must be dismissed nonetheless because he failed to plausibly allege that Lowe's willfully or negligently violated the statute. (*Id.* at 15–22).

As explained below, the Court finds that the Disclosure in this case complied with the standalone requirement and was clear and conspicuous. Questions concerning whether a particular disclosure meets the requirements § 1681b(b)(2)(A) are questions of law properly decided by the Court at this motion-to-dismiss stage. *See Wynn v. United Parcel Serv., Inc.*, No. 21-cv-10029-CRB, 2023 WL 2324288, at \*4, n.1 (N.D. Cal. Mar. 1, 2023) (citation omitted) (rejecting plaintiff's argument that the court was required to assume as true plaintiff's allegation that disclosure was *not* clear and conspicuous and did *not* comply with standalone requirement because such "statements are legal conclusions, which the Court is 'not bound to accept as true'"); *Mitchell v. Winco Foods, LLC*, 379 F. Supp. 3d 1093, 1099 (D. Idaho 2019) (alterations omitted) (quoting *Gilberg*, 913 F.3d at 1177)) ("The Ninth Circuit . . . has 'assumed, without deciding, that clarity and conspicuousness under FCRA present questions of law rather than fact.'"). Because the Court finds that the Disclosure in this case meets the FCRA requirements, dismissal of Plaintiff's claims is appropriate. The Court need not reach Defendant's arguments with respect to whether Plaintiff sufficiently alleged willfulness or negligence because the Court finds that, as a matter of law, the Disclosure in this case does not violate the FCRA.

**A. Alleged Violation of the Standalone Requirement (Count I)**

Section 1681b(b)(2)(A)'s standalone requirement provides that the disclosure must be made "in a document that consists *solely* of the disclosure." § 1681b(b)(2)(A)(i) (emphasis added). The Ninth Circuit has interpreted this to require that the disclosure "contain nothing more than the disclosure itself" and that it "not contain any extraneous information" beyond the disclosure required by the FCRA. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1087–88 (9th Cir. 2020) (citations and quotations omitted). That said, an employer's disclosure is *not* limited to a plain statement that "a consumer report may be obtained for employment purposes." *Id.* at 1084. Rather the Ninth Circuit explained that:

6

> [B]eyond a plain statement disclosing "that a consumer report may be obtained for employment purposes," some concise explanation of what that phrase means *may* be included as part of the "disclosure" required by § 1681b(b)(2)(A)(i). For example, a company could briefly describe what a "consumer report" entails, how it will be "obtained," and for which type of "employment purposes" it may be used. Such information would further the purpose of the disclosure by helping the consumer understand the disclosure.

*Id.* at 1088–89 (internal citations omitted) (emphasis added).

The Disclosure at issue contains only four sentences. The question, then, is whether any of these sentences contains "extraneous information" falling outside the scope of the FCRA disclosure requirement as interpreted by the Ninth Circuit in cases like *Walker*. The first sentence states that Lowe's "may obtain a 'background report' about you or your child/ward for employment purposes from a third-party consumer reporting agency." (Doc. 13 at 2). Setting aside its reference to the applicant's "child/ward"—which is discussed in greater depth below—this sentence merely provides the disclosure envisioned and explicitly required by the FCRA, that is, it provides the disclosure "that a consumer report may be obtained for employment purposes." § 1681b(b)(2)(A)(i). The Court finds the first sentence does not contain any extraneous information in violation of the FCRA.

The second sentence states that "'[b]ackground report' means any written, oral, or other communication of any information by a consumer reporting bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." (Doc. 13 at 2). Again setting aside the sentence's reference to the applicant's "child/ward" for later discussion, the Court finds that the second sentence does not contain any extraneous information. Rather, the sentence merely explains the type of information that may be included in the background report and, in doing so, borrows directly from the FCRA's definition of "consumer report." *See* § 1681a(d)(1) (defining "consumer report" as "any written, oral, or other communication of any information by a [CRA] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living");

7

**ER-16**

*see also Walker*, 953 F.3d at 1089, n.9 (finding that language explaining "what type of information may be included in the 'consumer report'" does not violate standalone requirement and noting disclosure's specific language "tracks the language of the FCRA").

The third sentence states that the report "may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results." (Doc. 13 at 2). Again setting aside the sentence's reference to the applicant's "child/ward" for later discussion, the Court finds that the third sentence does not contain any extraneous information. In *Walker*, the Ninth Circuit considered a very similar sentence which stated that "[t]o prepare the reports, [the CRA] may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and any other information with public or private information sources." *Walker*, 953 F.3d at 1090. The Ninth Circuit found that this sentence "elucidate[s] what it means to 'obtain' a consumer report by providing helpful information about . . . what private and public information about the applicant will be examined to create a 'consumer report.'" *Id.* The Ninth Circuit found that the language therefore did *not* violate the FCRA's standalone requirement. *Id.* In accordance with the *Walker* decision, this Court also finds that the third sentence merely provides additional information as it relates to what private and public information may be examined to create the background report and that the third sentence therefore does not violate the standalone requirement.

The final sentence states that "Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required." (Doc. 13 at 3). Plaintiff argues that this sentence "relate[s] to the potential for an *additional* disclosure and authorization" and therefore "pulls attention away from the rights at issue by informing applicants that there will be some other form or forms to

8

review later." (Doc. 23 at 9 (emphasis in original)). To be sure, the Ninth Circuit has consistently recognized as extraneous any information that "pulls the applicant's attention away from his privacy rights protected by the FCRA." *Syed v. M-I, LLC*, 853 F.3d 492, 502 (9th Cir. 2017); *see also Gilberg*, 913 F.3d at 1175–76; *Walker*, 953 F.3d at 1090–91. The caselaw cited by the parties provides examples of such attention-diverting information. In *Syed*, the disclosure contained a liability waiver stating, "I hereby discharge, release and indemnify prospective employer . . . from any and all liability and claims arising by reason of the use of this release and dissemination of information that is false and untrue if obtained by a third party without verification." *Syed*, 853 F.3d at 497–98. The Ninth Circuit found that the inclusion of the liability waiver violated the standalone requirement because instead of "focus[ing] the applicant's attention on the nature of the personal information the prospective employer may obtain," it called the applicant's "attention to the rights he must forego if he signs the document." *Id.* at 502. The Ninth Circuit explained that, in reading the disclosure, an applicant "could reasonably conclude that his signature was not consent to the procurement of the consumer report, but to a broad release of the employer from claims arising from the totality of the 'investigative background inquiries' referenced in the first sentence of the form." *Id.*

Likewise, in *Gilberg* and *Walker*, the disclosures contained language relating to non-FCRA rights held by the applicant. Specifically, in *Gilberg*, the disclosure stated, in part, that "[y]ou have the right, upon written request made within a reasonable time after receipt of this notice, to request whether a consumer report has been run about you, and the nature and scope of any investigative consumer report, and request a copy of your report." *Gilberg*, 913 F.3d at 1172. Similarly, the *Walker* disclosure provided that

> You may inspect [the CRA]'s files about you . . . by providing identification to the [CRA]. If you do, [the CRA] will provide you help to understand the files, including communication with trained personnel and an explanation of any codes. Another person may accompany you by providing identification. If [the CRA] obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed.

9

*Walker*, 953 F.3d at 1090. In both cases, the Ninth Circuit found that the language concerning the applicant's other rights violated the standalone requirement. The Ninth Circuit reasoned that such language was "as likely to confuse as it is to inform" because it concerned rights outside the scope of the FCRA. *Gilberg*, 913 F.3d at 1175–76. The Ninth Circuit noted that it understood *why* the employers sought, "in good faith," to provide such information to applicants but that the language "should have been provided in a separate document, because the information cannot reasonably be deemed part of a 'disclosure . . . that a consumer report will be obtained for employment purposes.'" *Walker*, 953 F.3d at 1090–91 (quoting § 1681b(b)(2)(A)(i)).

Unlike the liability waiver in *Syed* and the language referencing the applicant's non-FCRA rights in *Gilberg* and *Walker*, the final sentence in the Lowe's Disclosure does not divert the applicant's attention away from his or her rights under the FCRA. Rather, the Court finds that the sentence—which explains that certain credit-related information will only be obtained if a separate authorization is signed—is merely part of the Disclosure's "concise explanation" of what it means for Lowe's to obtain a consumer report. *See Walker*, 953 F.3d at 1088–89. This is similar to a sentence analyzed in *Warr*, a case relied upon by Defendant. In *Warr*, the disclosure stated that the applicant's "[c]redit history [would] only be requested where such information [was] substantially related to the duties and responsibilities of the position for which [the applicant was] applying." *Warr v. Cent. Garden & Pet Co.*, No. 20-cv-09405-JST, 2021 WL 6275013, at *5 (N.D. Cal. Sept. 21, 2021). The Northern District of California rejected the plaintiff's argument that such a phrase was extraneous, reasoning that the phrase appropriately "describ[ed] what a 'consumer report' entails" and nothing more. *Id.* at *6 (citing *Walker*, 953 F.3d at 1088–89). In a similar manner, the final sentence in the Lowe's Disclosure reasonably describes "what a 'consumer report' entails" and "how it will be 'obtained,'" *see Walker*, 953 F.3d at 1084, by explaining that a specific category of information—that is, information related to the applicant's worthiness, credit standing, or credit capacity—would *not* be requested by Lowe's unless the applicant signed a separate authorization. For purposes of the

10

**ER-19**

standalone-requirement analysis, the Court sees no meaningful difference between reasonably informing the applicant that credit-related information must be "substantially related" to the employment position before such information will be obtained, and informing the applicant that a separate authorization will be provided to the applicant before credit-related information will be obtained. In both cases, the disclosures are simply informing the applicant that a specific category of information will *not* be part of the consumer report unless some additional condition is satisfied. The Court finds that the final sentence of the Lowe's Disclosure does not violate the standalone requirement.

Finally, Plaintiff argues that the Disclosure's inclusion of "extra language purporting to allow First Advantage to pull reports for either the applicant 'or [their] child/ward'" renders the entire Disclosure to be in violation of the standalone requirement. (Doc. 23 at 9). Plaintiff explains that this language makes the Disclosure "not one, standalone disclosure, but a joint disclosure for multiple people" and that it "functions to pull the applicant's attention away." (*Id.* at 9–10). The Court is unpersuaded. This language merely informs the applicant of *whose* information might be obtained as part of the background report, which falls squarely within the scope of "describ[ing] what a 'consumer report' entails." *Walker*, 953 F.3d at 1084.

In sum, the Court finds that the Lowe's Disclosure did not contain any extraneous information and that, as a matter of law, it does not violate the standalone requirement. The Court concludes that dismissal of Count I with prejudice is appropriate.

**B. Alleged Violation of the Clear and Conspicuous Requirement (Count II)**

As noted above, § 1681b(b)(2)(A) requires that the disclosure be "clear and conspicuous." § 1681b(b)(2)(A)(i). The Ninth Circuit has interpreted "clear" to mean "reasonably understandable," and "conspicuous" to mean "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176 (9th Cir. 2019) (citations and quotations omitted). "The Ninth Circuit has analyzed each prong separately." *Mitchell*, 379 F. Supp. 3d at 1099 (citing *Gilberg*, 913 F.3d at 1177)).

11

**ER-20**

Here, Plaintiff alleges that the Disclosure was unclear for two reasons.[5] First, he contends that the Disclosure "confusingly informs applicants that Lowe's may obtain consumer reports regarding the applicant 'or their child/ward,' with no explanation." (Doc. 23 at 11 (alteration omitted)). Second, he contends that the Disclosure was unclear because it indicated that Lowe's would not seek credit-related information without a separate authorization from the applicant. (*Id.* at 11–12). Defendant objects to both arguments, asserts the Disclosure was sufficiently clear, and requests dismissal of Plaintiff's claim for violation of the clear-and-conspicuous requirement. (Doc. 18 at 13–15).

The Court agrees with Defendant and finds that the Disclosure was reasonably understandable and therefore sufficiently clear for purposes of the FCRA. The Disclosure does not "contain[ any] language that a reasonable person would not understand." *See Gilberg*, 913 F.3d at 1177. Rather, the Disclosure straightforwardly provides that Lowe's may obtain a background report and that such report will concern the consumer/applicant or his or her "child/ward." (Doc. 13 at 2–3). The Disclosure provides the statutory definition of "background report" to help the consumer/applicant understand what the report may entail and what types of information it may contain. (*Id.*). Finally, the Disclosure advises that no credit-related information will be requested by Lowe's unless the company first obtains independent authorization from the consumer/applicant or his or her "child/ward." (*Id.*). The Disclosure is short, to-the-point, and does not contain any typographical or grammatical errors. *Compare with Gilberg*, 913 F.3d at 1177 (discussing how grammatical error relating to use of semi-colon rendered disclosure unclear). As discussed above, the Disclosure in this case stands on its own and does not contain any

---

[5] There is no dispute that the Disclosure was conspicuous. It included a heading stating "DISCLOSURE REGARDING BACKGROUND REPORT" and making the Disclosure readily noticeable to the applicant. (*See* Doc. 13 at 2). Indeed, Plaintiff appears to concede the "conspicuousness" issue and focuses his argument on the "clearness" prong instead. (*See* Doc. 23 at 11 ("Here, Lowe's disclosure may have been presented with a conspicuous heading to indicate to applicants what they were reviewing, but . . . the Disclosure is not clear.")). The Court will do the same and finds that the Disclosure was sufficiently conspicuous for purposes of the clear-and-conspicuous requirement.

extraneous, unrelated, or otherwise confusing terms that would lead a reasonable reader astray. A reasonable, prospective employee is provided full notice of what Lowe's intends to do as it relates to the background report, and such employee is able to make an informed decision as to whether he or she wishes to authorize the action. *See Syed*, 853 F.3d at 496 ("The disclosure and authorization provision codified at 15 U.S.C. § 1681b(b)(2)(A) was intended to address [Congress' concern that prospective employers were violating applicants' privacy rights] by requiring the prospective employer to disclose that it may obtain the applicant's consumer report for employment purposes and providing the means by which the prospective employee might prevent the prospective employer from doing so—withholding of authorization.").

Moreover, the Court is unpersuaded by the Complaint's allegations that the Disclosure was unclear. The Disclosure's repeated references to the consumer or applicant's "child/ward" are not confusing; rather, the references simply disclose to the reader that Lowe's may obtain information about their child. Plaintiff argues that ambiguity exists as to "whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both." (Doc. 23 at 11 (citing Doc. 11 at 3)). Even assuming such ambiguity exists, however, the Court cannot find that the entire Disclosure is rendered confusing, misleading, or otherwise unclear as a result. Whether the report concerns "the applicant, their children/wards, or both" is of no matter to the FCRA disclosure requirement. Rather, the Act requires only "a clear and conspicuous disclosure . . . that a consumer report may be obtained for employment purposes." § 1681b(b)(2)(A)(i). The Disclosure here does just that; it *clearly* discloses that Lowe's may obtain, for purposes of employment, a background report concerning the consumer/applicant or their child/ward. In other words, the Disclosure's inclusion of language relating to the reader's child/ward "does not create confusion as to the person or entity that will conduct the report" and therefore does not violate § 1681b(b)(2)(A)'s clear and conspicuous requirement. *Keefer v. Ryder Integrated Logistics, Inc.*, No. 21-cv-07503-HSG, 2023 WL 1442891, at *4 (N.D. Cal. Feb. 1, 2023) (quoting *Warr*, 2021 WL 6275013, at *7).

13

Similarly, the Court finds that the Disclosure is not rendered unclear by its final sentence which states that certain credit-related information will not be included in the background report unless further authorization is obtained. Plaintiff argues that this sentence "creates confusion as to what sort of report may be pulled and what report is actually being disclosed." (Doc. 23 at 11). According to Plaintiff, the sentence "seems to contradict the notion that Lowe's intends to obtain a background report at all—it is not reasonably understandable why Lowe's would disclose that it may obtain a report containing various information, only to state in the same form that it will not do so without providing further disclosure." (*Id.* at 11–12). The Court does not agree. As discussed above, the Disclosure's final sentence merely provides that a specific category of information— *i.e.*, information related to the applicant's worthiness, credit standing, or credit capacity— would *not* be requested by Lowe's unless the applicant signed a separate authorization. The Disclosure's previous inclusion of "information . . . bearing on your or your child's/ward's credit worthiness, credit standing, [and] credit capacity" in its definition of "background report" does not contradict the Disclosure's final sentence. Stated more simply, the Disclosure is essentially stating that "Lowe's may obtain a background report for employment purposes. The term 'background report' may include information bearing on X, Y, and Z. However, Employer will not request any information bearing on X without obtaining separate authorization." The Court finds this to be more than reasonably understandable. Plaintiff has failed to sufficiently allege that the Disclosure used by Lowe's was not clear and conspicuous.

## IV.  **CONCLUSION**

The Court finds that the Disclosure in this case lacked any extraneous information in violation of the standalone requirement, and that it was reasonably understandable such that it did not violate the clear-and-conspicuous requirement. As a matter of law, the Disclosure did not violate § 1681b(b)(2)(A) of the FCRA and Counts I and II are dismissed with prejudice.

///

14

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **granted**. Counts I and II are **dismissed with prejudice**, and Defendant Lowe's Home Centers LLC is dismissed from this action.

Dated this 20th day of June, 2023.

Honorable Steven P. Logan
United States District Judge

15

Walker F. Crowson (#032021)
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
wcrowson@swlaw.com

Jason C. Schwartz *(pro hac vice)*
Molly T. Senger *(pro hac vice)*
David A. Schnitzer *(pro hac vice)*
Matt Gregory *(pro hac vice)*
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

*Attorneys for Defendant*
*Lowe's Home Centers, LLC*

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Downing, individually and on behalf of all others similarly situated, | No. 3:22-cv-08159-SPL |
| Plaintiff, | **LOWE'S HOME CENTERS, LLC'S MOTION TO DISMISS COUNTS I AND II** |
| v. | |
| Lowe's Home Centers, LLC, a North Carolina corporation, and First Advantage Corporation, a Delaware corporation, | Assigned to Hon. Steven P. Logan |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

4861-9446-3030

**ER-25**

# Table of Contents

**Page**

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................... 2

    I.     The Fair Credit Reporting Act ......................................................... 2

    II.    Downing's Claims Against Lowe's .................................................. 2

STANDARD OF REVIEW ................................................................................... 4

ARGUMENT ........................................................................................................ 4

    I.     Downing Fails To State A Claim That Lowe's Violated The Fair Credit Reporting Act. ................................................................... 4

          A.     Lowe's Disclosure Consists Solely Of The Statement That Lowe's Might Seek A Consumer Report And A Concise Explanation Of What That Means. ............................. 4

          B.     The Disclosure Is Clear And Conspicuous. ...................... 8

    II.    Downing Cannot Plausibly Allege A Willful Violation Under Section 1681n. ............................................................................... 10

          A.     Under Supreme Court Precedent, Willfulness Is A Very High Bar. ...................................................................................... 10

          B.     Downing Cannot Plausibly Allege A Willful Violation Here. ........ 11

    III.   Downing Cannot Plausibly Allege A Negligent Violation Under Section 1681*o* Or That He Suffered Any Actual Damages. ....................... 15

          A.     Lowe's Disclosure Was Objectively Reasonable. .......................... 15

          B.     Downing Does Not Allege Any Actual Damages. .......................... 15

    IV.   The Court Should Dismiss Downing's Claims Against Lowe's With Prejudice. ....................................................................................... 17

CONCLUSION .................................................................................................... 17

Snell & Wilmer

L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

4861-9446-3030

**ER-26**

employment purposes," and thus, it essentially mirrors the statutory language in 15 U.S.C. § 1681b(b)(2)(A). The second sentence similarly mirrors the statutory definition of a consumer report in 15 U.S.C. § 1681a(d)(1). *Compare* Am. Compl., Ex. A at 2–3 ("'Background report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living."), *with* 15 U.S.C. § 1681a(d)(1) ("The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living[.]"). And the remaining two sentences fit comfortably within *Walker*'s holding that an employer may include in its disclosure language that "elucidate[s] what it means to 'obtain' a consumer report by providing helpful information," including a description of "what private and public information about the applicant will be examined." *Walker*, 953 F.3d at 1090; *see also, e.g.*, *Williams*, 2020 WL 13328483, at *5 (dismissing claim because the employer's form "explains the disclosure 'in plain language' in four succinct sentences") (quoting *Luna*, 956 F.3d 1153); *Rivera*, 2022 WL 3219411, at *8–9 (dismissing claim for similar reasons); *Warr v. Cent. Garden Pet Co.*, 2021 WL 6275013, at *5 (N.D. Cal. Sept. 21, 2021) (same).

Downing's claim to the contrary "stretches the statute's requirements beyond the limits of law and common sense." *Luna*, 956 F.3d at 1152. He alleges that Lowe's disclosure violates the standalone requirement in two ways, but neither argument has merit.

*First*, Downing alleges that the disclosure "unlawfully combines a disclosure to obtain consumer reports about [prospective employees] with a disclosure to obtain consumer reports about their children or wards." Am. Compl. ¶ 53. But the detailed explanation of the potential scope of the consumer report is not extraneous—to the contrary, it is precisely the sort of explanation that the Ninth Circuit has encouraged employers to include in their disclosures because it provides "helpful information about . . . what private and public information about the applicant will be examined to create a consumer report."

Snell & Wilmer

L.A.W. O.F.F.I.C.E.S
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

- 6 -

*Walker*, 953 F.3d at 1090 (quotation marks omitted). To the extent that Lowe's sought to hire a minor, for example, and the parent was completing the form on the minor's behalf, this language explains to the parent that Lowe's might seek information about the minor.

The Northern District of California recently rejected a similar argument to the one Downing seeks to raise here—namely, that an employer's disclosure violated the standalone requirement because the information the employer sought was allegedly "overbroad and excessively intrusive." *Juster v. Workday, Inc.*, --- F. Supp. 3d ---, 2022 WL 3030530, at *6 (N.D. Cal. Aug. 1, 2022) (granting motion to dismiss). There, the court held that even if the employer was legally *prohibited* from obtaining "the breadth of the information that it claimed it could," that was "not the kind of problem with which the FCRA is concerned," because "the prospective employee is not being misled about what type of information the employer *wants to get*." *Id.* (emphasis added). Fundamentally, a disclosure's reference to "a type of background information that may be obtained" cannot be extraneous because it is not "something *other than* the disclosure," and instead is "a brief explanation of what a consumer report is and what can be obtained." *Id.* at *7 (emphasis in original).

*Second*, Downing alleges that the fourth sentence of Lowe's disclosure contains "additional extraneous information" by explaining (as he paraphrases it) that Lowe's "will not request any information relates [sic] to applicant's [sic] or their children's/ward's 'worthiness, credit standing, or credit capacity' unless it provides a separate disclosure and authorization for such credit information." Am. Compl. ¶ 54. But this sentence simply explains that Lowe's will not seek one subtype of information that can be included in a background report—credit information—without additional notice and authorization. *Id.*, Ex. A. at 2–3. Thus, the sentence provides "helpful information about . . . what private and public information about the applicant will be examined." *Walker*, 953 F.3d at 1090.

Once again, a court in this Circuit already has held that a straightforward application of *Walker* forecloses an argument virtually identical to the one Downing makes here. In *Warr*, the plaintiff challenged language in an employer's disclosure that, as here, indicated that the employer might not immediately, or ever, seek the applicant's credit information.

Snell & Wilmer

L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

**ER-28**

1   Penny L. Koepke
    pkoepke@hoalow.biz
2   MAXWELL & MORGAN, P.C.
    4854 E. Baseline Road, Suite 104
3   Mesa, Arizona 85206
    Tel: (480) 833-1001
4
    [Additional counsel appearing on signature page]
5
    *Attorneys for Plaintiff and the Class*
6

7                    **UNITED STATES DISTRICT COURT**
8                        **DISTRICT OF ARIZONA**

9
    Justin Downing, individually and on behalf    Case No. 3:22-cv-08159-SPL
10   of all others similarly situated,
11                                                 **FIRST AMENDED CLASS ACTION
                        Plaintiff,                 COMPLAINT**
12
                                                   **JURY TRIAL DEMANDED**
13   v.
14   Lowe's Home Centers, LLC, a North
15   Carolina limited liability company, and
     First Advantage Corporation, a Delaware
16   corporation,
17                      Defendants.
18

19          Plaintiff Justin Downing ("Plaintiff" or "Downing") brings this first amended class

20   action complaint against Defendants Lowe's Home Centers, LLC ("Lowe's") and First

21   Advantage Corporation ("First Advantage", and collectively with Lowe's, "Defendants")

22   to obtain redress for Defendants' serial violations of the Fair Credit Reporting Act, 15

23   U.S.C. § 1681, *et seq.* ("FCRA" or "Act"). Specifically, Plaintiff files the instant lawsuit

24   to address: (1) Lowe's failure to provide lawful notices and disclosures to its job

25   applicants and employees, (2) First Advantage's practice of failing to implement

26   reasonable policies and procedures to ensure the maximum possible accuracy of the

27   information contained in consumer reports, and (3) First Advantage's failure to adopt

28

                                      - 1 -

strict procedures to ensure that adverse information contained in consumer reports is complete and up to date. Plaintiff seeks redress for all individuals similarly injured by the Defendants' conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly protects consumers from disclosure of their personal information contained in their consumer reports. To that end, employers who obtain and use consumer reports regarding their job applicants and employees are required to provide, prior to obtaining consumer reports in the first place, a clear and conspicuous disclosure, in a document consisting solely of the disclosure (*i.e.*, that stands alone), that a consumer report will be obtained for employment purposes. And for their part, when preparing the reports, consumer reporting agencies must implement and follow procedures designed to ensure maximum possible accuracy of the information they provide concerning the individuals about whom the reports relate and to ensure that the information is complete and up to date.

2.      Defendant Lowe's willfully violated the FCRA by: (1) failing to provide a standalone, upfront disclosure that Defendant may procure consumer reports about its applicants and employees, and (2) failing to provide a clear and conspicuous disclosure prior to obtaining consumer reports.

3.      Lowe's willfully violated the FCRA by failing to provide applicants or employees with a standalone disclosure that clearly and conspicuously indicates—in a document consisting *solely* of the disclosure—that Lowe's may obtain a consumer report about them for employment purposes. That is, Lowe's provides a single disclosure that includes extraneous information regarding Lowe's supposed ability to obtain consumer reports regarding the applicant's children/wards. The disclosure also contains additional

extraneous information regarding future disclosures and authorizations that may be sought.

4. The inclusion of such extraneous information overshadows the consumer report disclosure and renders the disclosure confusing to Plaintiff and to any reasonable person. By including extraneous information, it is unclear as to whether Lowe's intends to procure a consumer report regarding the applicant, their children/wards, or both. This lack of clarity frustrates the purpose of the FCRA, which is to inform consumers and allow them a meaningful opportunity to authorize such disclosures. Plaintiff was confused by the disclosure, and had a lawful disclosure been provided, Plaintiff would not have signed it.

5. For its part, Defendant First Advantage willfully violated the FCRA by furnishing consumer reports while failing to implement and follow reasonable procedures to ensure the maximum possible accuracy of the information contained in the report. That is, First Advantage compiled consumer reports regarding Plaintiff and class members that included inaccurate dispositions of past criminal histories.

6. First Advantage also willfully violated, and continues to violate, the FCRA by failing to maintain (or follow) strict procedures designed to ensure that public record information is complete and up to date when it is included in consumer reports and is likely to have an adverse effect on a consumer's ability to obtain employment. Here, First Advantage furnished consumer reports relating to Plaintiff and class members containing outdated and incomplete dispositions of past criminal histories.

7. By failing to adopt (or follow) reasonable or strict procedures as required, First Advantage furnished consumer reports to third parties that contained both false and misleading information, which had an adverse effect on consumers' ability to obtain employment.

8. Additionally, First Advantage also willfully violated the FCRA by failing to provide notice to consumers that adverse public record information was being

- 3 -

**ER-31**

conveyed to potential employers. First Advantage deprived applicants of an opportunity to correct the false and misleading information.

9.      As a result of Defendants' willful violations of the FCRA, Plaintiff Downing and the members of the Classes were deprived of their privacy rights guaranteed to them by federal law, and they are therefore entitled to statutory damages of at least $100 and not more than $1,000 for each willful violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

10.     Plaintiff Downing is a natural person and citizen of the State of Arizona. He resides in Show Low, Navajo County, Arizona.

11.     Defendant Lowe's is a North Carolina limited liability company with its principal place of business located at 1000 Lowe's Blvd, Mooresville, North Carolina 28117.

12.     Defendant First Advantage is a Delaware corporation with its principal place of business located at 1 Concourse Pkwy NE, Suite 200, Atlanta, GA 30328.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which is a federal statute. Jurisdiction is additionally proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA"), because the classes each consist of over 100 people, there is minimal diversity, and the amount in controversy, when aggregated, is over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

14.     This Court has personal jurisdiction over Defendants because they conduct substantial business in this District and the unlawful conduct alleged in the Complaint occurred in this District or the unlawful decisions that lead to the violations of the FCRA set forth in this Complaint were made in this District.

15.     Venue is proper in this District under 28 U.S.C. § 1391 because a

- 4 -

substantial part of the events and omissions giving rise to the claims occurred in or emanated from this District, and because Plaintiff resides in this District and applied for work with Lowe's in this District.

### FACTS COMMON TO PLAINTIFF AND ALL COUNTS

16. Lowe's is a well-known American retail company specializing in home improvement. It operates warehouse-style home improvement stores throughout the United States, including Arizona.

17. First Advantage is a consumer reporting agency that collects and aggregates information about consumers world-wide. First Advantage generates a substantial portion of its business and income by providing background screening services to employers nationwide

18. In or around February 2022, Plaintiff applied for a job with Lowe's at a store located in Show Low, Arizona.

19. In or around February 2022, in connection with his employment application, Plaintiff was required to complete various acknowledgments of company disclosures, including a disclosure regarding Plaintiff's background report.

20. Rather than provide a standalone disclosure—as the FCRA unambiguously requires—Plaintiff was presented with a document styled, "Disclosure Regarding Background Report." (*See* FCRA Disclosure, a true and accurate copy of which is attached hereto as Ex. A.) The pre-report disclosure that Lowe's provided to applicants and employees unlawfully combines disclosures to obtain consumer reports regarding applicants and their children or wards. It states:

> Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC, ("Lowe's") may obtain a "background report" about you or your child/ward for employment purposes from a third-party consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor

- 5 -

vehicle records, verification of your education or employment history, or other background check results.

Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

(*See* Ex. A).

21.    That is, Lowe's provides a single disclosure that seeks to satisfy the disclosure requirements for it to obtain a consumer report regarding both the applicants and their children, including their or their children's criminal history, motor vehicle records, credit standing, credit capacity, educational history, employment history and more.

22.    The disclosure also contains additional extraneous information: Despite initially explaining that a consumer report may contain information relating to the applicant's or their children's credit worthiness, credit standing, and credit capacity, in the very next paragraph Lowe's purports to explain that it will not request any information relates to applicant's or their children's "worthiness, credit standing, or credit capacity" unless it provides a separate disclosure and authorization for credit information.

23.    The disclosure does not standalone, nor is it clear and conspicuous. It is opaque and confusing.

24.    The inclusion of such extraneous information overshadows the consumer report disclosure and renders the disclosure confusing to Plaintiff and the other class members. By combining the disclosure to obtain an applicant's consumer report with a disclosure to obtain information about their child or ward in a single document, and by including a confusing and conflicting explanation regarding future disclosures, it is unclear whether Lowe's intends to procure consumer reports regarding applicants, their children/wards, or both. Nowhere does Lowe's make any attempt to explain why it would need to access the consumer report of an applicant's children, wards, or other offspring. This lack of clarity frustrates the purpose of the FCRA, which is to inform consumers and

- 6 -

ER-34

allow them a meaningful opportunity to authorize such disclosures. Had a lawful disclosure been provided, Plaintiff and others would not have signed it.

25.    For its part, First Advantage furnished consumer reports to Lowe's and other potential employers without first implementing reasonable procedures to ensure the maximum possible accuracy of the information contained in the report, and failed to implement strict procedures designed to ensure that when public information contained in a consumer report is likely to have an adverse effect on a consumer's ability to obtain employment, that such sensitive information is complete and up to date.

26.    Lowe's contracted with First Advantage to compile and furnish a consumer report regarding Downing and other class members for employment purposes.

27.    On or about February 26, 2022, First Advantage commenced a search for Plaintiff's past criminal history to be included in his consumer report.

28.    After the search commenced, First Advantage noted that additional handling was required with respect to Plaintiff's past criminal history.

29.    On February 26, 2022, First Advantage noted that research was required with respect to Plaintiff's past criminal history.

30.    On March 2, 2022, First Advantage again noted that research was required with respect to Plaintiff's past criminal history.

31.    On March 2, 2022, First Advantage furnished a consumer report regarding Plaintiff to Lowe's for employment purposes.

32.    The report included inaccurate and materially misleading information relating to Plaintiff's prior criminal history, which had a negative impact on his employment opportunities. In preparing the report, First Advantage failed to follow reasonable procedures to ensure the maximum possible accuracy of the information contained in the report. Instead, First Advantage furnished an inaccurate report containing three past criminal convictions with the disposition stated as "guilty".

33.    While Plaintiff did plead guilty to the three criminal charges between 2006

- 7 -

**ER-35**

and 2009, it is not accurate to state that the disposition of those cases is "guilty".

34.    On November 24, 2020, the Navajo County Superior Court issued an Order setting aside Plaintiff's judgments of guilt (*see* Order Setting Aside Judgment of Guilt, a true and accurate copy of which is attached hereto as Ex. B), which restored Plaintiff's civil rights under Arizona law pursuant to A.R.S. § 13-905. The Order setting aside the judgments of guilt were made publicly available at https://apps.supremecourt.az.gov/publicaccess/minutes.aspx.

35.    Judgments setting aside guilt are not some arbitrary distinction. Rather, when a court sets aside a criminal conviction pursuant to A.R.S. § 13-905 and includes a certificate of second chance, the individual's civil rights are restored, including occupational rights. The restoration of rights includes the release of the individual from all barriers and disabilities in obtaining occupational licenses issued under Arizona Title 32. *See* A.R.S. § 13-905(K). Further, Arizona law provides potential employers with protection should they choose to hire individuals that have had their convictions set aside. *Id.*; *see also* A.R.S. § 12-558.03, *et seq.*

36.    By failing to inform potential employers that a prior conviction was set aside, First Advantage provides false and inaccurate information that deprives employers of critical data needed to make an informed decisions regarding potential applicants. It also strips job applicants like Plaintiff from having the ability to attain gainful employment.

37.    Additionally, despite preparing the report with public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, First Advantage also failed to provide any notice that the information was being furnished to Lowe's. This failure deprived Plaintiff of a meaningful opportunity to correct the inaccurate information.

38.    On or around March 10, 2022, Lowe's informed Plaintiff that he was being denied employment based in whole or in part on information contained within his

consumer report.

39.     Based on foregoing, Plaintiff brings this suit, on behalf of himself and those similarly situated, seeking redress for Defendants' widespread and willful violations of the FCRA. Such violations entitle him, and other similarly situated persons, to statutory damages of not less than $100 and not more than $1,000 per violation.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3) on behalf of himself and the following Classes defined as follows:

> **Lowe's Class:** All persons in the United States who (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) applied for employment with Lowe's; (3) about whom Lowe's procured a consumer report; and (4) who were provided the same form FCRA disclosure and authorization as the disclosure and authorization form Lowe's provided to Plaintiff.

> **First Advantage Class:** All persons in the United States (1) from a date two years prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) about whom First Advantage provided a consumer report; (3) to any employer or potential employer; (4) where the consumer report contained a criminal disposition of "guilty"; and (5) where the consumer's conviction had been set aside pursuant to A.R.S. § 13-905.

41.     Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, (5) Plaintiff's and Defendants' counsel, and (6) the legal representatives, successors, and assigns of any such excluded person. Plaintiff anticipates the need to amend the Complaint, including the Class Definitions, following a reasonable period for class discovery.

42.     **Numerosity:** The exact number of class members is unknown to Plaintiff at

ER-37

this time, but it is clear that individual joinder is impracticable for each of the Classes. On information and belief, there are thousands of individuals that fall into the defined Classes. Further, the class members can readily be ascertained through objective criteria, including Defendants' records.

43. **Commonality:** Common questions of law and fact exist as to all members of the Classes for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a) Whether First Advantage violated the FCRA;

(b) Whether First Advantage prepared consumer reports with inaccurate criminal dispositions;

(c) Whether First Advantage implemented policies and procedures to ensure maximum possible accuracy of the consumer reports that it prepares;

(d) Whether First Advantage failed to follow its own policies and procedures to ensure the maximum possible accuracy of the consumer reports that it prepares;

(e) Whether First Advantage implemented strict procedures to ensure that where adverse public record information reported on a consumer report is likely to impact an applicant's ability to obtain employment that the information is complete and up to date;

(f) Whether First Advantage failed to follow its own procedures to ensure that adverse public record information that is reported on a consumer report is complete and up to date;

(g) Whether First Advantage's violations of the FCRA were willful;

(h) Whether Lowe's conduct described herein violated the FCRA;

(i) Whether Lowe's has procured or caused to be procured consumer reports about job applicants and employees;

- 10 -

(c)    Whether Lowe's disclosure violates the FCRA's requirement that the pre-report disclosure be clear and conspicuous in a document consisting solely of the disclosure; and

(j)    Whether Lowe's violations of the FCRA were willful.

44.    **Typicality:** As a result of Defendants' uniform and repeated pattern of providing and preparing consumer reports, Plaintiff and the Class Members suffered the same injury and similar damages. If Defendants' actions violated the FCRA as to Plaintiff, then it violated the FCRA as to all Class Members. Thus, Plaintiff's claims are typical of the claims of the other Class Members.

45.    **Adequate Representation:** Plaintiff is a member of the Classes and both he and his counsel will fairly and adequately represent and protect the interests of the Classes, as neither has interests adverse to those of the Class Members and Defendants have no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions including class actions related to the procurement of consumer reports for employment purposes under the Fair Credit Reporting Act. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so.

46.    **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class Member's situation, the answer to whether Defendants' conduct described herein repeatedly violated the FCRA is the same for everyone—a resounding "yes"—and the same will be proven using common evidence.

47.    **Superiority and Manageability:** A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to any individual Class Members will likely be small relative to the cost associated with prosecuting a lawsuit. Thus, the expense of litigating an individual action will likely prohibit the Class Members from obtaining effective relief

- 11 -

1   for Defendants' misconduct. In addition, there are numerous common factual and legal

2   questions that could result in inconsistent verdicts should there be several successive

3   trials. In contrast, a class action will present far fewer management difficulties, and it will

4   increase efficiency and decrease expense. Further, class-wide adjudication will also

5   ensure a uniform decision for the Class Members.

6       48.     Plaintiff reserves the right to revise the definition of the Classes as

7   necessary based upon information obtained in discovery.

**<u>COUNT I</u>**
**Violation of 15 U.S.C. § 1681b, *et seq.***
**(On Behalf of Plaintiff and the Lowe's Class)**

9       49.     Plaintiff incorporates by reference the foregoing allegations as if fully set

11  forth herein.

12      50.     The FCRA declares that:

13      Except as provided in subparagraph (B), a person may not procure a
14      consumer report, or cause a consumer report to be procured, for
        employment purposes with respect to any consumer, unless—
15
16      (i) a clear and conspicuous disclosure has been made in writing to the
        consumer at any time before the report is procured or caused to be
17      procured, in a document that consists <u>solely of the disclosure</u>, that a
        consumer report may be obtained for employment purposes . . . .
18
19  15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

20      51.     The FCRA defines a consumer report as:

21      . . . any written, oral, or other communication of any information by a
        consumer reporting agency bearing on a consumers' credit worthiness,
22      credit standing, cred-it capacity, character, general reputation, personal
        characteristics, or mode of living which is used or excepted to be used or
23      collected in whole or in part for the purpose of serving as a factor
        establishing the consumer's eligibility for . . .
24
25      (B) employment purposes . . .

26  15 U.S.C. § 1681a(d)(1).

27      52.     Lowe's employment background checks are consumer reports.

28

- 12 -

**ER-40**

53. The pre-report disclosure that Lowe's provided to applicants and employees unlawfully combines a disclosure to obtain consumer reports about them with a disclosure to obtain consumer reports about their children or wards. (Ex. A.) Lowe's provides a single disclosure that confusingly combines information about both the applicants themselves as well as regarding their children or wards, including their or their children's/ward's criminal history, motor vehicle records, credit standing, credit capacity, educational history, employment history and more. (*Id.*)

54. The disclosure also contains additional extraneous information that appears confusing and contradictory. (*Id.*) Despite explaining that a consumer report may contain information relating to the applicant's or their children's/ward's credit worthiness, credit standing, and credit capacity, in the very next paragraph Lowe's purports to explain that it will not request any information relates to applicant's or their children's/ward's "worthiness, credit standing, or credit capacity" unless it provides a separate disclosure and authorization for such credit information. (*Id.*)

55. By combining the applicant's and their children's/ward's disclosure into one document, and by including a confusing and conflicting explanation regarding disclosures, Lowe's disclosure cannot be said to "stand alone" in a document that consists solely of the disclosure. A reasonable person would not have understood or authorized the reports had an appropriate disclosures been provided. Plaintiff and the other class members wouldn't have authorized the reports had appropriate disclosures been provided.

56. Defendant procured consumer reports with respect to Plaintiff and the Lowe's Class. The disclosures provided to Plaintiff were the same or substantially the same as the one provided to all Lowe's Class members. Thus, Defendant uniformly violated the FCRA rights of all Class members in the same way and, in the process, violated their right to information and their privacy rights as delineated by Congress.

57. Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

- 13 -

ER-41

(i)     The rule that FRCA disclosures consist "solely" of that disclosure has been the law established for well over a decade.

(ii)     Lowe's is a large company who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

(iii)     Lowe's previously settled a class action lawsuit for alleged violations of the FCRA's stand alone disclosure requirements. As such, its failure to comply with the FCRA cannot be seen as anything other than a willful defiance of the Act's requirements.

(iv)     Lowe's inclusion of the disclosures relating to applicant's children or wards was intentional and serves no purpose to the vast majority of job applicants, including Plaintiff; and

(v)     Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a company's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-available guidance means Lowe's either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

(vi)     The Ninth Circuit has clearly articulated the law in this area in a series of cases, beginning in 2017: *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017); *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019); and *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1095 (9th Cir. 2020). Thus, at this point in time there is no excuse for a company like Lowe's to be in noncompliance with the FCRA's clear and unambiguous requirements.

58.     Plaintiff and the Lowe's Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the Lowe's Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59.     In the alternative, Plaintiff and the Lowe's Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* Lowe's acted negligently by failing to provide a standalone disclosure. Had Lowe's provided a standalone disclosure, Plaintiff and the class members would not have authorized the procurement of their reports. As such, Lowe's breached its duty of care to Plaintiff and the Lowe's Class and this breach is the direct and proximate

- 14 -

cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

60.     Accordingly, under the FCRA, Plaintiff and the Lowe's Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest, and such other relief as the Court deems necessary, reasonable, and just.

## COUNT II
### Violation of 15 U.S.C. § 1681b, *et seq.*
### (On Behalf of Plaintiff and the Lowe's Class)

61.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

62.     The FCRA declares that:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

63.     The FCRA defines a consumer report as:

. . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, cred-it capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .

(B) employment purposes . . .

15 U.S.C. § 1681a(d)(1).

64.     Lowe's background checks are consumer reports.

65.     In addition to failing to stand-alone, Lowe's disclosure also willfully violated the FCRA by not being clear and conspicuous. The disclosure repeatedly and confusingly informs Plaintiff and the Class Members that Lowe's may obtain consumer

- 15 -

reports regarding both them and their children or wards. The scope of the consumer reports can also include information concerning the applicant's or their children's or ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living, history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results. The inclusion of multiple disclosures regarding applicants and their children or wards renders the disclosure confusing and cannot be said to be "clear and conspicuous".

66.     The disclosure also confusingly includes conflicting information regarding the procurement of credit information. Again, Lowe's discloses that a consumer report may contain information relating to the applicant's or their children's credit worthiness, credit standing, and credit capacity. Then, in the very next paragraph, Lowe's purports to explain that it will not request any information related to applicant's or their children's "worthiness, credit standing, or credit capacity" unless it provides a separate disclosure and authorization for credit information. The unnecessary inclusion of this conflicting information detracts from the purpose of the disclosure and renders the disclosure confusing.

67.     In short, the pre-report disclosure that Lowe's provided to Plaintiff and the Lowe's Class members willfully violated the FCRA by not being clear and conspicuous. Indeed, a reasonable person would have been confused by the disclosure.

68.     Plaintiff and the other class members wouldn't have authorized the reports had appropriate disclosures been provided.

69.     Defendant procured consumer reports with respect to Plaintiff and the Lowe's Class. The disclosures provided to Plaintiff were the same or substantially the same as the one provided to all Lowe's Class members. Thus, Defendant uniformly violated the FCRA rights of all Class members in the same way and, in the process, violated their right to information and their privacy rights as delineated by Congress.

- 16 -

**ER-44**

70. Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

(i) The rule that FRCA disclosures be "clear and conspicuous" has been the law established for well over a decade;

(ii) Lowe's is a large company who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

(iii) Lowe's previously settled a class action lawsuit for alleged violations of the FRCA's clear and conspicuous disclosure requirements. As such, its failure to comply with the FCRA cannot be seen as anything other than a willful defiance of the Act's requirements;

(iv) Lowe's inclusion of the disclosures relating to applicant's children or wards was intentional and serves no purpose to the vast majority of job applicants, including Plaintiff; and

(v) Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a company's FCRA responsibilities exists and is readily available explaining that such disclosures must be clear and conspicuous. This readily-available guidance means Lowe's either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

(vi) The Ninth Circuit has clearly articulated the law in this area in a series of cases, beginning in 2017: *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017); *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019); and *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1095 (9th Cir. 2020). Thus, at this point in time there is no excuse for a company like Lowe's to be in noncompliance with the FCRA's clear and unambiguous requirements.

71. Plaintiff and the Lowe's Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the Lowe's Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

72. In the alternative, Plaintiff and the Lowe's Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* Lowe's acted negligently by failing to provide a disclosure

- 17 -

ER-45

that was clear and conspicuous. Had Lowe's provided a clear and conspicuous disclosure, Plaintiff and the class members would not have authorized the procurement of their reports. As such, Lowe's breached its duty of care to Plaintiff and the Lowe's Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

73. Accordingly, under the FCRA, Plaintiff and the Lowe's Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest, and such other relief as the Court deems necessary, reasonable, and just.

**COUNT III**
**Violation of 15 U.S.C. § 1681e, *et seq.***
**(On Behalf of Plaintiff and the First Advantage Class)**

74. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

75. First Advantage is a "person" and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and (f).

76. Plaintiff and members of the First Advantage Class are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

77. The FCRA declares that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

78. First Advantage prepared inaccurate and materially misleading consumer reports relating to Plaintiff's prior criminal history, which had a negative impact on his employment opportunities.

79. In preparing the report, First Advantage failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the report. Indeed, First Advantage furnished a report containing three prior criminal

- 18 -

ER-46

convictions with the disposition stated as "guilty". This was inaccurate.

80.     While Plaintiff pleaded guilty to the three charges between 2006 and 2009, he has since taken steps to rehabilitate his standing in his community such that the disposition is no longer "guilty".

81.     On November 24, 2020, the Navajo County Superior Court issued an Order setting aside Plaintiff's judgments of guilt (*see* Ex. B), which restored Plaintiff's civil rights under Arizona law pursuant to A.R.S. § 13-905. The Order setting aside the judgments of guilt were made publicly available at https://apps.supremecourt.az.gov/publicaccess/minutes.aspx.

82.     The judgments setting aside guilt are not the same as a criminal conviction. Rather, when a court sets aside a criminal conviction pursuant to A.R.S. § 13-905 and includes a certificate of second chance, the individual's civil rights are restored, including occupational rights. The restoration of rights includes the release of the individual from all barriers and disabilities in obtaining occupational licenses issued under Arizona Title 32. *See* A.R.S. § 13-905(K). Further, Arizona law provides potential employers with protection should they choose to hire individuals that have had their convictions set aside. *Id.*; *see also* A.R.S. § 12-558.03, *et seq.*

83.     By failing to inform potential employers that a prior conviction was set aside, First Advantage robs employers of critical information to make an informed decision regarding potential applicants and the potential risks associated with hiring applicants.

84.     By failing to adopt adequate procedures, First Advantage caused Plaintiff and the class members actual harm by preparing and providing inaccurate and materially misleading consume reports to third parties.

85.     On information and belief, First Advantage has prepared more than one report regarding Plaintiff that contained the same inaccurate information.

86.     On information and belief, First Advantage's inclusion of the "guilty" disposition on Plaintiff's consumer report violated its own written policies and

- 19 -

**ER-47**

procedures to ensure the maximum possible accuracy of the information contained in consumer reports.

87.   Pursuant to 15 U.S.C. § 1681o, *et seq.* and 15 U.S.C. § 1681n, *et seq.*, First Advantage is liable to Plaintiff and the First Advantage Class for failing to implement and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's and the class members' consumer reports in violation of 15 U.S.C. § 1681e(b).

88.   Defendant's violation of 15 U.S.C. § 1681e(b) was willful for at least the following reasons:

(i)   The rule that consumer reporting agencies must implement and follow reasonable procedures to assure the maximum possible accuracy of the information contained in consumer reports has been the law established for decades;

(ii)   On information and belief, First Advantage adopted and then failed to follow its own written policies and procedures to ensure the maximum possible accuracy of the information contained in consumer reports;

(iii)   First Advantage commenced the search for Plaintiff's criminal history on February 26, 2022 and completed the report on March 2, 2022. Hence, ample time existed for First Advantage to ensure that the criminal convictions were reported accurately;

(iv)   The report prepared by First Advantage regarding Plaintiff noted that "Research [was] In Progress" for four days and further noted that "Additional handling [was] required" with respect to Plaintiff's criminal history. Despite this additional research and handling, First Advantage failed to report Plaintiff's or the class members' criminal convictions accurately;

(v)   The Order setting aside Plaintiff's judgment of guilt and restoring his civil rights has been publicly available for over a year at the time the report was furnished;

(vi)   First Advantage is a large corporation who regularly engages inside and outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

(vii)   First Advantage describes itself as a leader in the background reporting industry with respect to employment related consumer reports;

- 20 -

**ER-48**

(viii)  First Advantage regularly furnishes consumer reports to businesses, such as Lowe's, for the purpose of making employment related decisions. Accordingly, First Advantage's failure to implement reasonable procedures had a widespread effect; and

(ix)  First Advantage profited off the sale of Plaintiff's and the class members' consumer reports containing incomplete and outdated information on a repeated basis.

89.  Plaintiff and the First Advantage Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the First Advantage Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

90.  In the alternative, Plaintiff and the First Advantage Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* First Advantage acted negligently by failing to adopt reasonable procedures to ensure the maximum possible accuracy of information contained in consumer reports. As such, First Advantage breached its duty of care to Plaintiff and the First Advantage Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

91.  Accordingly, under the FCRA, Plaintiff and the First Advantage Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest and such other relief as the Court deems necessary, reasonable, and just.

## COUNT IV
### Violation of 15 U.S.C. § 1681k, *et seq.*
### (On Behalf of Plaintiff and the First Advantage Class)

92.  Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

93.  First Advantage is a "person" and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and (f).

94.  Plaintiff and members of the First Advantage Class are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

- 21 -

95.    The FCRA declares that:

A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall--

(1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

(2) maintain <u>strict</u> procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a) (emphasis added).

96.    First Advantage furnished consumer reports regarding Plaintiff and the First Advantage Class for employment purposes that possessed information on consumers that were likely to have an adverse effect upon a consumer's ability to obtain employment.

97.    First Advantage violated Section 1681k(a)(2) by failing to adopt strict procures designed to insure that public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is complete and up to date.

98.    First Advantage also failed to provide Plaintiff and the First Advantage Class with notice that First Advantage was reporting public record information to potential employers that was likely to have an adverse effect on the ability of Plaintiff and the First Advantage Class to obtain employment. Further, First Advantage failed to provide Plaintiff or the other members of the First Advantage Class with the name and

- 22 -

ER-50

address of the person to whom such information was being reported.

99.    Criminal convictions or information showing "guilty" with respect to crimes is likely to have an adverse effect on a consumer's ability to obtain employment.

100.    Here, First Advantage reported the disposition of past criminal convictions for Plaintiff and the Class as "guilty". This was inaccurate. Records of past criminal convictions are public records under the FCRA. At the time the report was furnished, the convictions were set aside and Plaintiff's and the class members' civil rights were restored pursuant to A.R.S. § 13-905.

101.    By publishing past criminal convictions without their current disposition, First Advantage reported adverse public information that was not complete or up to date.

102.    First Advantage failed to adopt strict procedures to ensure that criminal convictions are reported with the current disposition. This constitutes a willful violation of Section 1681k(a)(2).

103.    On information and belief, First Advantage's failure to report that the criminal convictions were set aside and that civil rights were restored violated its own written policies and procedures to ensure that information contained in consumer reports is complete and up to date.

104.    By failing to adopt strict procedures or provide any notice, First Advantage harmed applicant and employees by conveying inaccurate information regarding their criminal history to third parties and deprived applicants and employees of the ability to address any inaccurate or incomplete information contained within the consumer report prior to the employer's decision regarding the information.

105.    Pursuant to 15 U.S.C. § 1681o, *et seq.* and 15 U.S.C. § 1681n, *et seq.*, First Advantage is liable to Plaintiff and the First Advantage Class for failing to provide notice that potentially adverse public record information was being reported or by failing to implement and follow strict procedures to ensure that information contained in Plaintiff's and the class members' consumer reports that was likely to adversely impact their ability to obtain or keep employment was complete and up to date in violation of 15 U.S.C. §

- 23 -

1681k(a)(2).

106.     First Advantage's violation of 15 U.S.C. § 1681k(a)(2) was willful for at least the following reasons:

(i)      The rule that consumer reporting agencies must implement and follow strict procedures to insure that potentially adverse public record information contained in consumer reports must be complete and up to date has been the law established for decades;

(ii)     The rule that consumer reporting agencies provide notice that potentially adverse public record information is being reported by a consumer reporting agency has been the law established for decades;

(iii)    On information and belief, First Advantage adopted and then failed to follow its own written policies and procedures to ensure that information contained in consumer reports is complete and up to date;

(iv)     First Advantage commenced the search for Plaintiff's criminal history on February 26, 2022 and completed the report on March 2, 2022. Hence, ample time existed for First Advantage to ensure that the criminal convictions were up to date and complete;

(v)      The report prepared by First Advantage regarding Plaintiff noted that "Research [was] In Progress" for four days and further noted that "Additional handling [was] required" with respect to Plaintiff's criminal history;

(vi)     The Order setting aside Plaintiff's judgment of guilt and restoring his civil rights has been publicly available for over a year at the time the report was furnished;

(vii)    First Advantage is a large corporation who regularly engages inside and outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others;

(viii)   First Advantage describes itself as a leader in the background reporting industry with respect to employment related consumer reports;

(ix)     First Advantage regularly furnishes consumer reports to businesses, such as Lowe's, for the purpose of making employment related decisions. Accordingly, First Advantage's failure to implement reasonable procedures had a wide spread effect; and

- 24 -

ER-52

(x)    First Advantage profited off the sale of Plaintiff's and the class members' consumer reports containing incomplete and outdated information on a repeated basis.

107.    Plaintiff and the First Advantage Class seek damages under 15 U.S.C. § 1681n, *et seq.* Plaintiff and the First Advantage Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

108.    In the alternative, Plaintiff and the First Advantage Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* First Advantage acted negligently by failing to adopt strict procedures to insure that adverse public record information is complete and up to date. As such, First Advantage breached its duty of care to Plaintiff and the First Advantage Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial or, at a minimum, seeks nominal damages.

109.    Accordingly, under the FCRA, Plaintiff and the First Advantage Class seek statutory damages, reasonable cost and attorneys' fees, pre- and post-judgment interest, and such other relief as the Court deems necessary, reasonable, and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Downing, individually and on behalf of the Classes, respectfully requests that this Court issue an order of judgment:

A.    Certifying this case as a class action on behalf of the Classes defined above, appointing Justin Downing as class representative and appointing his counsel as class counsel;

B.    Finding that Defendants' actions constitute a violation of the FCRA;

C.    Finding that Defendants' actions constitute a willful violation of the FCRA;

D.    Awarding damages, including statutory damages where applicable, to Plaintiff and the Classes in amounts to be determined at trial;

E.    Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

ER-53

F.  Awarding Plaintiff and the Classes pre- and post- judgment interest, to the extent allowable; and

G.  Such further and other relief as the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: October 27, 2022

**JUSTIN DOWNING**, individually and on behalf of all others similarly situated,

By:     */s/ Taylor T. Smith*
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalow.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Steven L. Woodrow (admitted *pro hac vice*)
    swoodrow@woodrowpeluso.com
Patrick H. Peluso (admitted *pro hac vice*)
    ppeluso@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
    tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff*

- 26 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 27, 2022.

*/s/ Taylor T. Smith*

# Exhibit A

## eSignature Consent Form

**Consent to Use Electronic Signature**
By selecting the "Yes" option below, I hereby consent to the use of my electronic signature to execute the Authorization Form, which will appear on the following screen. I understand that my electronic signature will have the same legal effect, validity and enforceability as if I were to execute by handwritten signature. If I do not wish to have my electronic signature to have a binding effect, I must select "No" option below.

**Right to Entering into Agreement in Non-Electronic Form**
I understand that I have the right to agree to the Authorization Form on paper and to execute the Authorization Form by handwritten signature. In order to provide it in written form, I can print and upload the form in the Document Upload section upon completing my profile.

**Withdrawing My Consent and Updating Information**
I understand that I have the right to withdraw my consent to use electronic signature and the right to update my contact information at any time. If I decide at any point to withdraw my consent, I understand that the withdrawal is only prospective and shall not impact the legal effectiveness, validity or enforceability of the Authorization Form prior to the implementation of my request withdrawal. The effectiveness of the withdrawal will be within a reasonable period of time after receipt of the withdrawal. If I withdraw during the period where a screening service is in the process of being fulfilled or ordered, it may impact my application for employment, contract work or other purpose.

If I decide at any point to withdraw my consent, I may call First Advantage at (+1) 800-845-6004, or provide a signed letter via mail to the address below:
First Advantage Background Services Corp.
Consumer Center
P.O. Box 105292
Atlanta, GA 30348
Applicants based in South Asia and Pacific region (including Hong Kong, Singapore, Australia, New Zealand, Philippines and Malaysia) may instead contact the Compliance & Privacy Manager at Privacy.sapac@fadv.com or (+61) 2 9017 4300.

**Requesting a Paper Copy of My Electronic Record**
Upon request, I may obtain a paper copy of the Authorization Form by clicking 'print' before submitting. Additionally, I may call, mail a request, or email via the contact information shown above.

| | |
|---|---|
| I have read and accept the eSignature terms outlined above. | Yes |
| Date | February 26, 2022 |

## Consent

**Lowe's Background Check Acknowledgement**

I acknowledge that under certain circumstances, a full background check may be delayed. I understand

my employment may begin without the full background check results being available. If after my start date,

my background check is not approved, I understand and acknowledge that Lowe's will terminate my employment.

| | |
|---|---|
| I have read and accept the terms outlined above. | Yes |
| Date | February 26, 2022 |

## Disclosure

**DISCLOSURE REGARDING BACKGROUND REPORT**

Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC, ("Lowe's") may obtain a "background report" about you or your child/ward for employment purposes from a third-party consumer reporting agency. "Background report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on your or your child's/ward's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The reports may include information regarding your or your child's/ward's history, criminal history, social security verification, motor vehicle records, verification of your education or employment history, or other background check results.

**ER-57**

Lowe's will not request any information related to your or your child's/ward's worthiness, credit standing, or credit capacity without providing you or your child/ward, separately, with information related to the use of that information and obtaining separate authorization from you to obtain such information, where required.

Date                                                                                February 26, 2022

## Disclosure

DISCLOSURE REGARDING INVESTIGATIVE BACKGROUND REPORT

Lowe's Companies, Inc. and/or its affiliates, including Lowe's Home Centers, LLC, ("Lowe's") may obtain for employment purposes an "investigative background report" about you or your child/ward including information as to your character, general reputation, personal characteristics and mode of living. "Investigative background report" means a background report or portion thereof in which information on your or your child's/ward's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with your or your child's/ward's neighbors, friends, or associates or with others with whom you or your child/ward are acquainted or who may have knowledge concerning your or your child's/ward's character, general reputation, personal characteristics, and/or mode of living.

You or your child/ward have the right, upon written request made within a reasonable time after receipt of this notice, to request a complete and accurate disclosure of the nature and scope of any investigative background report requested about you or your child/ward.

Along with this disclosure, you are being provided with a copy of A Summary of Your Rights under the Fair Credit Reporting Act.

Please be advised that the nature and scope of the most common form of investigative background report obtained with regard to applicants for employment is an investigation into your or your child's/ward's education and/or employment history conducted by First Advantage Consumer Disclosure Center located at P.O. Box 105292, Atlanta, GA, 30348 phone: 1-800-845-6004.

Date                                                                                February 26, 2022

## Disclosure

FOR APPLICANTS TO LOCATIONS IN THE STATE OF WASHINGTON, PLEASE REVIEW THE SECTION "A SUMMARY OF YOUR RIGHTS UNDER THE WASHINGTON FAIR CREDIT REPORTING ACT"

Para informacion en espanol, visite https://www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20006.

A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. For more information, including information about additional rights, go to https://www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.

   • You must be told if information in your file has been used against you. Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

   • You have the right to know what is in your file. You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
      • a person has taken adverse action against you because of information in your credit report;
      • you are the victim of identify theft and place a fraud alert in your file;
      • your file contains inaccurate information as a result of fraud;
      • you are on public assistance;
      • you are unemployed but expect to apply for employment within 60 days.
   In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See https://www.consumerfinance.gov/learnmore for additional information.

ER-58

# Exhibit B

Filed on 12/7/2020 8:48:58 AM

**Navajo County Superior Court**
**Deanne M. Romo, Clerk**

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF NAVAJO

| | | | |
|---|---|---|---|
| **JUDGE:** | DALE P. NIELSON | **DIVISION:** | III |
| **CLERK:** | DEANNE M. ROMO | **DATE:** | 11/24/2020 |
| **DEPUTY CLERK:** | SNW | **TIME:** | 9:30 A.M. |
| **COURT REPORTER:** | Kelly Palmer | | |

## MINUTE ENTRY

**THE STATE OF ARIZONA,**

      **Plaintiff,**

**Vs.**

**JUSTIN ANDREW DOWNING,**

      **Defendant.**

**Case No. S0900CR20060047**
**S0900CR20060048**
**S0900CR20090508**

## HEARING ON THE MOTION TO SET ASIDE

This is the date set for a hearing on the Motion to Set Aside. The record shall reflect the presence of the Defendant.

The Court noted for the record several attempts have been made to reach the County Attorney. The Court further noted there was no information from the County Attorney regarding the Defendant's Motion to Set Aside.

The Defendant was sworn, presented testimony and answered questions of the Court.

**IT IS ORDERED** granting the Motion to Set Aside Judgments of Guilt to include the restoration of the Defendant's civil rights and his right to own firearms.

Hearing adjourned at 9:33 A.M.

Copies to: NCAO, Justin Downing, Case Flow Manager, NCSO

**ER-60**

1   Penny L. Koepke
    pkoepke@hoalaw.biz
2   **MAXWELL & MORGAN, P.C.**
    4854 E. Baseline Road, Suite 104
3   Mesa, Arizona 85206
    Tel: (480) 833-1001
4
    [Additional counsel appearing on signature page]
5
    *Attorneys for Plaintiff and the Classes*
6

7              **UNITED STATES DISTRICT COURT**
8                 **DISTRICT OF ARIZONA**

9   | | |
10  Justin Downing, individually and on    Case No. 3:22-cv-08159-SPL
    behalf of all others similarly situated,
11                                          **NOTICE OF APPEAL**
            *Plaintiff,*
12                                          Complaint filed: September 8, 2022
    v.
13
    Lowe's Home Centers, LLC, a North
14  Carolina limited liability company, and
    First Advantage Corporation, a Delaware
15  corporation,
16
            *Defendants.*
17
18

19          Pursuant to Federal Rules of Appellate Procedure 3 and 4, notice is hereby given
20  that Plaintiff Justin Downing ("Plaintiff" or "Downing") appeals to the United States
21  Court of Appeals for the Ninth Circuit from the district court's amended Fed. R. Civ. P.
22  54(b) Judgment entered on August 2, 2023 (dkt. 38), following the district court's June
23  20, 2023, Order granting Defendant Lowe's Home Centers, LLC's motion to dismiss
24  (dkt. 29).
25
26  Dated: August 14, 2023              **JUSTIN DOWNING**, individually and on
                                        behalf of all others similarly situated,
27
                                        By: */s/ Taylor T. Smith*
28                                      One of Plaintiff's Attorneys

                                    1

**ER-61**

Penny L. Koepke
pkoepke@hoalaw.biz
MAXWELL & MORGAN, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Steven L. Woodrow (admitted *pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (admitted *pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Putative Class*

**ER-62**

# REPRESENTATION STATEMENT

Plaintiff-Appellant, Justin Downing, individually and on behalf of all others similarly situated, hereby submits the following Representation Statement:

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellant Justin Downing, individually and on behalf of all others similarly situated | Steven L. Woodrow*<br>Email: swoodrow@woodrowpeluso.com<br>Patrick H. Peluso*<br>Email: ppeluso@woodrowpeluso.com<br>Taylor T. Smith*<br>Email: tsmith@woodrowpeluso.com<br>WOODROW & PELUSO, LLC<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 907-7628<br>Facsimile: (303) 927-0809<br><br>*Pro Hac Vice |
| Defendant-Appellee Lowe's Home Centers, LLC | Walker F. Crowson<br>SNELL & WILMER L.L.P.<br>One East Washington Street, Suite 2700<br>Phoenix, Arizona 85004-2202<br>Telephone: 602.382.6000<br>Facsimile: 602.382.6070<br>wcrowson@swlaw.com<br><br>Jason C. Schwartz (*pro hac vice*)<br>Molly T. Senger (*pro hac vice*)<br>David A. Schnitzer (*pro hac vice*)<br>Matt Gregory (*pro hac vice*)<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, NW<br>Washington, D.C. 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br>jschwartz@gibsondunn.com<br>msenger@gibsondunn.com<br>dschnitzer@gibsondunn.com<br>mgregory@gibsondunn.com |

**ER-63**

**CERTIFICATE OF SERVICE**

I am a resident of the State of Colorado, over the age of eighteen years old, and am not a party to this lawsuit. My business address is 3900 E. Mexico Avenue, Suite 300, Denver, Colorado 80210. I HEREBY CERTIFY that on the 14th day of August 2023, I filed the foregoing **NOTICE OF APPEAL** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Walker F. Crowson
SNELL & WILMER L.L.P.
One East Washington Street, Suite 2700
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
wcrowson@swlaw.com

Jason C. Schwartz (pro hac vice)
Molly T. Senger (pro hac vice)
David A. Schnitzer (pro hac vice)
Matt Gregory (pro hac vice)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jschwartz@gibsondunn.com
msenger@gibsondunn.com
dschnitzer@gibsondunn.com
mgregory@gibsondunn.com

Attorneys for Defendant Lowe's Home Centers, LLC

I declare that the foregoing is true and correct.


*/s/ Taylor T. Smith*

APPEAL,STD

# U.S. District Court
## DISTRICT OF ARIZONA (Prescott Division)
## CIVIL DOCKET FOR CASE #: 3:22–cv–08159–SPL

Downing v. Lowe's Companies Incorporated et al
Assigned to: Judge Steven P Logan
Case in other court:  Ninth Circuit, 23–16102
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 09/08/2022
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutes: Other
Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

| | |
|---|---|
| **Justin Downing**<br>*individually and on behalf of all others*<br>*similarly situated* | represented by **Patrick H Peluso**<br>Woodrow & Peluso LLC<br>3900 E Mexico Ave., Ste. 300<br>Denver, CO 80210<br>720–213–0676<br>Fax: 303–927–0809<br>Email: ppeluso@woodrowpeluso.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Penny L Koepke**
Maxwell & Morgan PC
Pierpont Commerce Center
4854 E Baseline Rd., Ste. 104
Mesa, AZ 85206
480–833–1001
Fax: 480–969–8267
Email: pkoepke@hoalaw.biz
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven L Woodrow**
Woodrow & Peluso LLC
3900 E Mexico Ave., Ste. 300
Denver, CO 80210
720–213–0675
Fax: 303–927–0809
Email: swoodrow@woodrowpeluso.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor True Smith**
Woodrow & Peluso LLC
3900 E Mexico Ave., Ste. 300
Denver, CO 80210
720–907–7628
Fax: 303–927–0809
Email: tsmith@woodrowpeluso.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | |
|---|---|
| **Lowe's Home Centers LLC**<br>*a North Carolina limited liability*<br>*company* | represented by **David A Schnitzer**<br>Gibson Dunn & Crutcher LLP –<br>Washington, DC |

**ER-65**

*TERMINATED: 06/20/2023*

1050 Connecticut Ave. NW, Ste. 900
Washington, DC 20036
202−887−3775
Email: dschnitzer@gibsondunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason Schwartz**
Gibson Dunn & Crutcher LLP –
Washington, DC
1050 Connecticut Ave. NW, Ste. 900
Washington, DC 20036
202−955−8500
Email: JSchwartz@gibsondunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Gregory**
Gibson Dunn & Crutcher LLP –
Washington, DC
1050 Connecticut Ave. NW, Ste. 900
Washington, DC 20036
202−887−3635
Email: mgregory@gibsondunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Senger**
Gibson Dunn & Crutcher LLP –
Washington, DC
1050 Connecticut Ave. NW, Ste. 900
Washington, DC 20036
202−955−8571
Email: msenger@gibsondunn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Walker Field Crowson**
Snell & Wilmer LLP – Phoenix, AZ
1 E Washington St., Ste. 2700
Phoenix, AZ 85004
602−382−6298
Fax: 602−382−6070
Email: wcrowson@swlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**First Advantage Background Services
Corporation**
*a Florida corporation*

represented by **Edward P Cadagin**
Arnall Golden & Gregory LLP – Atlanta,
GA
171 17th St. NW, Ste. 2100
Atlanta, GA 30363
404−873−8582
Fax: 404−873−8583
Email: edward.cadagin@agg.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER-66**

**Henry Chalmers**
Arnall Golden & Gregory LLP – Atlanta, GA
171 17th St. NW, Ste. 2100
Atlanta, GA 30363
404–873–8646
Email: henry.chalmers@agg.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mandi Jean Karvis**
Wicker Smith OHara McCoy & Ford PA
1 N Central Ave., Ste. 860
Phoenix, AZ 85004
602–648–2240
Fax: 602–812–4986
Email: mkarvis@wickersmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Lowe's Companies Incorporated**<br>*a North Carolina corporation*<br>*TERMINATED: 10/27/2022* | represented by | **Jason Schwartz**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Walker Field Crowson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **First Advantage Corporation**<br>*a Delaware corporation*<br>*TERMINATED: 08/31/2023* | represented by | **Edward P Cadagin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Henry Chalmers**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mandi Jean Karvis**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Natalie Cascario**<br>Amall Golden Gregory LLP<br>171 17th St. NW, Ste. 2100<br>Atlanta, GA 30363<br>404–873–8605<br>Email: natalie.cascario@agg.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|

| 09/08/2022 | 1 | COMPLAINT. Filing fee received: $402.00, receipt number AAZDC−21079171 filed by Justin Downing. (Koepke, Penny) (Attachments: # 1 Civil Cover Sheet)(BAC) (Entered: 09/08/2022) |
|---|---|---|
| 09/08/2022 | 2 | SUMMONS Submitted by Justin Downing. (Koepke, Penny) (Attachments: # 1 Summons)(BAC) (Entered: 09/08/2022) |
| 09/08/2022 | 3 | Filing fee paid, receipt number AAZDC−21079171. This case has been assigned to the Honorable Steven P Logan. All future pleadings or documents should bear the correct case number: CV−22−08159−PCT−SPL. Notice of Availability of Magistrate Judge to Exercise Jurisdiction form attached. (BAC) (Entered: 09/08/2022) |
| 09/08/2022 | 4 | Summons Issued as to First Advantage Corporation, Lowe's Companies Incorporated. (Attachments: # 1 Summons)(BAC). *** IMPORTANT: When printing the summons, select "Document and stamps" or "Document and comments" for the seal to appear on the document. (Entered: 09/08/2022) |
| 09/08/2022 | 5 | NOTICE TO FILER OF DEFICIENCY re: 1 Complaint filed by Justin Downing. Document not in compliance with LRCiv 7.1(c) – Documents shall be converted to PDF directly from a word processing program and per Administrative Policies and Procedures Manual must be text searchable. ***No further action is required***. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAC) (Entered: 09/08/2022) |
| 09/08/2022 | 6 | PRELIMINARY ORDER: Both counsel and pro se litigants must abide by the Local Rules of Civil Procedure, Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure. Plaintiff(s) must file proof of service of the summons and complaint or of waiver of service with the Clerk of Court no later than 12/7/2022 and must promptly serve a copy of this Order on Defendant(s) and file notice of service with the Clerk of Court. Unless the Court orders otherwise, on 12/7/2022, the Clerk of Court shall terminate without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See the attached order for additional information.* Signed by Judge Steven P. Logan on 9/8/2022. (RMW) (Entered: 09/08/2022) |
| 09/13/2022 | | Remark: Pro hac vice motion(s) granted for Steven L Woodrow, Patrick H Peluso, Taylor True Smith on behalf of Plaintiff Justin Downing. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 09/13/2022) |
| 09/28/2022 | 7 | MOTION for Extension of Time to File Answer re: 1 Complaint *Agreed Stipulation* by Lowe's Companies Incorporated. (Attachments: # 1 Proposed Order GRANTING STIPULATION FOR EXTENSION FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT)(Crowson, Walker) (Entered: 09/28/2022) |
| 09/29/2022 | 8 | STIPULATION FOR EXTENSION OF TIME TO ANSWER COMPLAINT re: 1 Complaint by First Advantage Corporation. (Attachments: # 1 Proposed Order)(Karvis, Mandi) (Entered: 09/29/2022) |
| 10/03/2022 | 9 | ORDER granting 7 and 8 Stipulations For Extension of Time To Answer Complaint : First Advantage Corporation answer due 10/28/2022; Lowe's Companies Incorporated answer due 10/28/2022. Signed by Judge Steven P Logan on 9/30/22. (MJW) (Entered: 10/03/2022) |
| 10/04/2022 | | Remark: Pro hac vice motion(s) granted for Henry Chalmers on behalf of Defendant First Advantage Corporation. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 10/04/2022) |
| 10/05/2022 | | Remark: Pro hac vice motion(s) granted for Edward P Cadagin on behalf of Defendant First Advantage Corporation. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 10/05/2022) |
| 10/27/2022 | 10 | NOTICE of Filing Amended Pleading pursuant to LRCiv 15.1(b) by Justin Downing . (Attachments: # 1 Exhibit A – Proposed First Amended Class Action Complaint)(Smith, Taylor) (Entered: 10/27/2022) |

| 10/27/2022 | 11 | AMENDED COMPLAINT *First Amended Class Action Complaint* against First Advantage Corporation, Lowe's Home Centers LLC filed by Justin Downing.(Smith, Taylor) (Entered: 10/27/2022) |
|---|---|---|
| 10/31/2022 | 12 | NOTICE OF ATTORNEY'S CHANGE OF ADDRESS/FIRM NAME by Walker Field Crowson. (Crowson, Walker) (Entered: 10/31/2022) |
| 11/03/2022 | 13 | Additional Attachments to Main Document re: 11 Amended Complaint *Exhibits A & B to First Amended Complaint* by Plaintiff Justin Downing. (Smith, Taylor) (Entered: 11/03/2022) |
| 11/08/2022 | | Remark: Pro hac vice motion(s) granted for Jason Schwartz on behalf of Defendant Lowe's Home Centers LLC. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 11/08/2022) |
| 11/08/2022 | | Remark: Pro hac vice motion(s) granted for David A Schnitzer on behalf of Defendant Lowe's Home Centers LLC. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 11/08/2022) |
| 11/08/2022 | | Remark: Pro hac vice motion(s) granted for Molly Senger on behalf of Defendant Lowe's Home Centers LLC. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 11/08/2022) |
| 11/09/2022 | | Remark: Pro hac vice motion(s) granted for Matthew Gregory on behalf of Defendant Lowe's Home Centers LLC. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 11/09/2022) |
| 11/10/2022 | 14 | MOTION to Dismiss for Failure to State a Claim by Lowe's Companies Incorporated, Lowe's Home Centers LLC. (Schwartz, Jason) (Entered: 11/10/2022) |
| 11/10/2022 | 15 | MOTION to Dismiss Counts/Claims : Count III and Count IV of Plaintiff's First Amended Complaint by First Advantage Corporation. (Karvis, Mandi) (Entered: 11/10/2022) |
| 11/10/2022 | 16 | NOTICE re: Certification of Good Faith Conferral by First Advantage Corporation re: 15 MOTION to Dismiss Counts/Claims : Count III and Count IV of Plaintiff's First Amended Complaint . (Karvis, Mandi) (Entered: 11/10/2022) |
| 11/10/2022 | 17 | Corporate Disclosure Statement by First Advantage Corporation. (Karvis, Mandi) (Entered: 11/10/2022) |
| 11/10/2022 | 18 | AMENDED MOTION to Dismiss for Failure to State a Claim *[Corrected PDF Conversion Error]* by Lowe's Companies Incorporated, Lowe's Home Centers LLC. (Schwartz, Jason) (Entered: 11/10/2022) |
| 11/10/2022 | 19 | Corporate Disclosure Statement by Lowe's Home Centers LLC identifying Corporate Parent Lowe's Companies, Inc. for Lowe's Home Centers LLC. (Schwartz, Jason) (Entered: 11/10/2022) |
| 11/18/2022 | 20 | STIPULATION re: 15 MOTION to Dismiss Counts/Claims : Count III and Count IV of Plaintiff's First Amended Complaint , 18 MOTION to Dismiss for Failure to State a Claim *[Corrected PDF Conversion Error] Stipulation to Extension of Time for Briefing of Defendants' Motions to Dismiss* by Justin Downing. (Attachments: # 1 Proposed Order)(Peluso, Patrick) (Entered: 11/18/2022) |
| 11/23/2022 | 21 | ORDER granting 20 Stipulation. FURTHER ORDERED that Plaintiff shall have until 12/9/2022, to file a Response to the Motions to Dismiss, and Defendants shall have until 12/23/2022, to file their respective replies in support of their Motions to Dismiss. Signed by Judge Steven P. Logan on 11/22/2022. (RMW) (Entered: 11/23/2022) |
| 12/09/2022 | 22 | RESPONSE in Opposition re: 15 MOTION to Dismiss Counts/Claims : Count III and Count IV of Plaintiff's First Amended Complaint *Plaintiff's Response in Opposition to Defendant First Advantage Corporation's Motion to Dismiss and/or to Strike Plaintiff's Class Claims* filed by Justin Downing. (Smith, Taylor) (Entered: 12/09/2022) |
| 12/09/2022 | 23 | RESPONSE in Opposition re: 18 MOTION to Dismiss for Failure to State a Claim *[Corrected PDF Conversion Error] Response in Opposition to Defendant Lowe's Home Centers, LLC's Motion to Dismiss Counts I and II* filed by Justin Downing. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit A – Disclosure)(Peluso, Patrick) (Entered: 12/09/2022) |
| 12/23/2022 | 24 | REPLY to Response to Motion re: 18 MOTION to Dismiss for Failure to State a Claim *[Corrected PDF Conversion Error]* filed by Lowe's Companies Incorporated, Lowe's Home Centers LLC. (Schwartz, Jason) (Entered: 12/23/2022) |
| 12/23/2022 | 25 | REPLY to Response to Motion re: 15 MOTION to Dismiss Counts/Claims : Count III and Count IV of Plaintiff's First Amended Complaint filed by First Advantage Corporation. (Karvis, Mandi) (Entered: 12/23/2022) |
| 12/30/2022 | 26 | NOTICE re: Supplemental Authority by Lowe's Companies Incorporated, Lowe's Home Centers LLC re: 18 MOTION to Dismiss for Failure to State a Claim *[Corrected PDF Conversion Error]* . (Schwartz, Jason) (Entered: 12/30/2022) |
| 03/10/2023 | 27 | NOTICE re: Supplemental Authority by Lowe's Companies Incorporated, Lowe's Home Centers LLC re: 18 MOTION to Dismiss for Failure to State a Claim *[Corrected PDF Conversion Error]* . (Schwartz, Jason) (Entered: 03/10/2023) |
| 06/08/2023 | 28 | ORDER denying 15 Motion to Dismiss Counts/Claims. Signed by Judge Steven P Logan on 6/8/23. (MJW) (Entered: 06/08/2023) |
| 06/20/2023 | 29 | ORDER that Defendant's Motion to Dismiss (Doc. 18 ) is granted. Counts I and II are dismissed with prejudice, and Defendant Lowes Home Centers LLC is dismissed from this action. See document for complete details. Signed by Judge Steven P Logan on 6/20/2023. (WLP) (Entered: 06/20/2023) |
| 06/22/2023 | 30 | *Defendant First Advantage Corporation's* ANSWER to 11 Amended Complaint by First Advantage Corporation.(Karvis, Mandi) (Entered: 06/22/2023) |
| 06/30/2023 | 31 | MOTION for Entry of Judgment under Rule 54(b) by Justin Downing. (Attachments: # 1 Proposed Order)(Peluso, Patrick) (Entered: 06/30/2023) |
| 07/14/2023 | 32 | RESPONSE in Opposition re: 31 MOTION for Entry of Judgment under Rule 54(b) filed by Lowe's Home Centers LLC. (Schwartz, Jason) (Entered: 07/14/2023) |
| 07/21/2023 | 33 | REPLY to Response to Motion re: 31 MOTION for Entry of Judgment under Rule 54(b) filed by Justin Downing. (Peluso, Patrick) (Entered: 07/21/2023) |
| 07/27/2023 | | Remark: Pro hac vice motion(s) granted for Natalie Cascario on behalf of Defendant First Advantage Corporation. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (BAS) (Entered: 07/27/2023) |
| 07/28/2023 | 34 | NOTICE of Service of Discovery filed by Justin Downing. (Smith, Taylor) (Entered: 07/28/2023) |
| 07/31/2023 | 35 | ORDER: Plaintiff's Motion for Certification of Judgment (Doc. 31 ) is granted. The Clerk of Court is directed to enter a final judgment dismissing with prejudice all claims against Defendant Lowe's Companies Incorporated pursuant to Federal Rule of Civil Procedure 54(b). Signed by Judge Steven P Logan on 7/31/2023. (REK) (Entered: 07/31/2023) |
| 07/31/2023 | 36 | *Amended by 38 * CLERK'S JUDGMENT – Pursuant to the Court's order filed July 31, 2023, Plaintiff to take nothing, and the complaint and action are dismissed with prejudice. (REK) Modified on 8/2/2023 (REK). (Entered: 07/31/2023) |
| 08/01/2023 | 37 | NOTICE of Service of Discovery filed by First Advantage Corporation. (Chalmers, Henry) (Entered: 08/01/2023) |
| 08/02/2023 | 38 | AMENDED CLERK'S JUDGMENT – Pursuant to the Court's order filed July 31, 2023, Plaintiff to take nothing, and the complaint and action are dismissed with prejudice as to all claims against Defendant Lowes Companies Incorporated. (REK) (Entered: 08/02/2023) |
| 08/02/2023 | 39 | REPORT of Rule 26(f) Planning Meeting by Justin Downing. (Smith, Taylor) (Entered: 08/02/2023) |
| 08/03/2023 | 40 | ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE: A Case Management Conference is set for 9/6/2023 at 02:00 PM in Courtroom 501, 401 West Washington Street, Phoenix, AZ 85003 before Judge Steven P Logan. Signed by Judge |

| | | |
|---|---|---|
| | | Steven P Logan on 8/2/23. (Attachments: # 1 Attachment – Case Management Order)(MJW) (Entered: 08/03/2023) |
| 08/04/2023 | 41 | ORDER: IT IS ORDERED that the Rule 16 Case Management Conference, presently set for September 6, 2023 before Honorable Steven P. Logan, is vacated. Order to follow. Signed by Judge Steven P Logan on 8/4/23. (MJW) (Entered: 08/04/2023) |
| 08/04/2023 | 42 | RULE 16 CASE MANAGEMENT ORDER: Discovery due by 5/24/2024. Dispositive motions due by 9/20/2024. Signed by Judge Steven P Logan on 8/4/23. (MJW) (Entered: 08/04/2023) |
| 08/14/2023 | 43 | NOTICE OF APPEAL to 9th Circuit Court of Appeals re: 29 Order, 35 Order, 38 Amended Clerks Judgment by Justin Downing. Filing fee received: $505.00, receipt number AAZDC–22203043. (Smith, Taylor) *Modified linkage on 8/15/2023 (DXD). (Entered: 08/14/2023) |
| 08/16/2023 | 44 | USCA Case Number re: 43 Notice of Appeal. Case number 23–16102, Ninth Circuit. (BAC) (Entered: 08/17/2023) |
| 08/31/2023 | 45 | NOTICE of Filing Amended Pleading pursuant to LRCiv 15.1(b) by Justin Downing . (Attachments: # 1 Exhibit A – Proposed Second Amended Class Action Complaint)(Smith, Taylor) (Entered: 08/31/2023) |
| 08/31/2023 | 46 | AMENDED COMPLAINT *Second Amended Class Action Complaint* against Lowe's Home Centers LLC, First Advantage Background Services Corp. filed by Justin Downing. (Attachments: # 1 Exhibit A – Disclosure, # 2 Exhibit B – Order)(Smith, Taylor) (Entered: 08/31/2023) |
| 09/05/2023 | 47 | NOTICE of Service of Discovery filed by Justin Downing. (Smith, Taylor) (Entered: 09/05/2023) |
| 09/07/2023 | 48 | *Defendant First Advantage Background Services Corp.'s* ANSWER to 46 Amended Complaint, by First Advantage Background Services Corporation.(Karvis, Mandi) (Entered: 09/07/2023) |
| 09/15/2023 | 49 | NOTICE of Service of Discovery filed by Justin Downing. (Smith, Taylor) (Entered: 09/15/2023) |
| 10/09/2023 | 50 | STIPULATION *for Protective Order* by Justin Downing. (Attachments: # 1 Proposed Order)(Smith, Taylor) (Entered: 10/09/2023) |
| 10/18/2023 | 51 | ORDER denying 50 Stipulation for Protective Order. Signed by Judge Steven P Logan on 10/17/23. (MJW) (Entered: 10/18/2023) |

**ER-71**